Morris F. LUFF and Ruth K. Luff, Plaintiffs,

v.

Gerald RYAN and Delos G. Smith, Defendants.

Civ. A. No. 5139-54.

United States District Court, District of Columbia.

Jan. 12, 1955.

Richard L. Merrick, Washington, D. C., for plaintiffs.

Leo A. Rover, U. S. Atty., Oliver Gasch, Asst. U. S. Atty., Frank H. Strickler, Asst. U. S. Atty., Joseph M. F. Ryan, Jr., Asst. U. S. Atty., Washington, D. C., for defendants.

KEECH, District Judge.

This case is before the court on a motion to dismiss the complaint for declaratory judgment and injunction brought by the plaintiffs, Morris F. Luff and Ruth K. Luff, who allege that they are now and have been since October, 1949, copartners trading as Willmore Engineering Company.

Under the provisions of Private Law 495, June 30, 1954, as amended by Private Law 501, July 6, 1954, 83d Congress, the Congress authorized the Secretary of Commerce and Willmore Engineering Company each to appoint an arbitrator, who together should appoint a third arbitrator, "these three to serve as a Board of Arbitrators who shall, after having heard the evidence, determine and certify to the Secretary of the Treasury any amount which in their judgment would be required to satisfy any obligations of the United States to the Willmore Engineering Company for services and expenses in connection with its contract and the breach of it, if any, with the United States for production of winches for transport vessels necessary to the prosecution of World War II, pursuant to special emergency authorizations and commitments under war powers, for which it is alleged the United States has failed to provide adequate payment."

The complaint shows that the Secretary of Commerce appointed defendant Delos G. Smith as arbitrator, the Willmore Engineering Company appointed Eugene D. Hegarty as arbitrator, and these two appointed Gerald Ryan as the third member of the Board of Arbitrators. It is conceded by counsel for plaintiffs that the defendants accepted Mr. Ryan as a member of the Board, that some hearings were held, and that no award has yet been made by the Board.

The complaint further alleges that on June 19, 1954, in anticipation of enactment of the legislation, Willard J. Luff and the plaintiffs, Morris F. Luff and Ruth K. Luff, entered into an agreement appointing Eugene D. Hegarty as their arbitrator to finally determine all matters concerning their former and present relationships pertaining to Willmore Engineering Company, and as arbitrator for Willmore Engineering Company on the Board of Arbitrators to be created under the bill subsequently enacted as Private Law 495.

The complaint further states: Pursuant to this agreement Mr. Hegarty made certain findings as to the composition of Willmore Engineering Company, including a finding that Morris F. Luff, as sole remaining partner, has conducted the affairs of the firm since October, 1949. On September 1, 1954, the Board of Arbitrators adopted a rule that all decisions of the Board should be by majority vote, and that the award might also be made by majority vote. On August 27, September 1 and 11, 1954, plaintiff Morris F. Luff wrote to the Board of Arbitrators asking that the Board recognize and accept the finding of Mr. Hegarty as to who constituted Willmore Engineering Company. Subsequently, plaintiff Morris F. Luff, personally and by counsel, on a number of occasions met with the Board of Arbitrators and "demanded" that the Board confirm and recognize the agreement of June 19, 1954, and the findings of Mr. Hegarty dated August 18, 1954, "as a condition precedent to any functioning of said Board of Arbitrators as such for the purpose of considering

the making of an award to said Willmore Engineering Company;" but the defendants Smith and Ryan, acting as a majority of the Board, refused to recognize for any purpose the agreement of June 19, 1954, or to adopt or confirm Mr. Hegarty's findings, announcing that the Board would make no finding as to who constituted Willmore Engineering Company, but if any award should be made the Board would certify to the Secretary of the Treasury that it had made an award to the Company and the amount thereof, and let the Secretary of the Treasury determine to whom such award should be paid.

The complaint further alleges that the defendants Smith and Ryan, as a majority of the Board, declined to include as an element of any award any sum for damages sustained by Willmore Engineering Company because of the bringing by the United States in this Court of Civil Action No. 1702–51, a civil fraud action against the partners in the Company, which plaintiffs allege was unfounded, or to include any sum for interest on unpaid amounts due the Company from the United States.

Plaintiffs pray that the court declare the validity of the agreement of June 19, 1954, between the plaintiffs and Willard J. Luff and the findings of Eugene D. Hegarty, as arbitrator thereunder; or, in the alternative, that, because of the refusal of the defendants Smith and Ryan to recognize the validity of the agreement of June 19, 1954, and the findings of Mr. Hegarty, the court declare the Board of Arbitrators illegally constituted and without authority to act; that the court construe and interpret the language of Private Laws 495 and 501, particularly as to whether damages and interest constitute proper elements of the award; and that defendants Ryan and Smith be restrained and enjoined from further proceedings as members of the Board of Arbitrators until final hearing of this action.

During the argument of the motion to dismiss, it was conceded by plaintiffs' counsel that the three arbitrators were named pursuant to the provisions of the Act creating the Board, and that the defendants Smith and Ryan are men of integrity. The complaint, motion to dismiss, and argument of counsel for plaintiffs thereon, clearly show that plaintiffs' real challenge of the proceedings before the Board of Arbitrators is the refusal of defendants Ryan and Smith to adopt and confirm the unilateral finding of Mr. Hegarty as to who constitute Willmore Engineering Company, made by him pursuant to the alleged private agreement between certain partners in Willmore that he should be final arbitrator of the relationships between them.

■ Under the Act creating it, the Board of Arbitrators was given no authority to adjudicate private rights between parties claiming to be the Willmore Engineering Company. Hence, the Board had no duty to recognize the alleged agreement of June 19, 1954, between the plaintiffs and Willard J. Luff; and the majority correctly held that the Board's only authority was to ascertain and certify to the Secretary of the Treasury any amount found to be due Willmore Engineering Company from the United States.

Further, Civil Action No. 1702–51 in this Court named Willard J. Luff, Morris F. Luff, and John W. Slacks as copartners doing business as Willmore Engineering Company at the time of the contract with the Government out of which arose the claim to be arbitrated, as shown by the ruling of the court directing a verdict for defendants therein, included in Senate Report No. 1458, 83d Congress, 2d Session, on H.R.7258, which was enacted as Private Law 495.

■ As to the allegations that defendants adopted majority rule and, as a majority of the Board, have refused to consider damages sustained by Willmore Engineering Company as the result of Civil Action 1702–51 or interest as elements of the award, the present action is premature. Under the Act

creating the Board the provisions of Title 9 of the United States Code to the extent not inconsistent with the Act, are made applicable to the arbitration proceeding. Title 9 does not provide for judicial review of preliminary rulings of an arbitration board prior to making of its award. The only provision of Title 9 for judicial review of the proceedings of an arbitration board is § 10, which provides that the court may vacate an award on certain grounds enumerated, including misconduct of the arbitrators in refusing to hear evidence pertinent and material to the controversy or any other misbehavior by which the rights of any party have been prejudiced, or the arbitrators' exceeding their powers or imperfectly executing them. Hence, this court is without authority to review the validity of the rulings complained of prior to the making of the award by the Board of Arbitrators.

Since it is conceded that the arbitrators were appointed pursuant to Private Law 495 and have endeavored to proceed with the arbitration, the other sections of Title 9 providing for recourse to the court, cited by counsel for plaintiffs in his argument, are inapplicable.

■ As a general rule, "administrative orders are not reviewable unless and until they impose an obligation, deny a right or fix some legal relationship as a consummation of the administrative process." Chicago & Southern Air Lines v. Waterman Corp., 1948, 333 U.S. 103, 112–113, 68 S.Ct. 431, 437, 92 L.Ed. 568. "Where the intent of Congress is clear to require administrative determination, either to the exclusion of judicial action or in advance of it, a strong showing is required, both of inadequacy of the prescribed procedure and of impending harm, to permit short-circuiting the administrative process."

Aircraft & Diesel Equipment Corp. v. Hirsch, 1947, 331 U.S. 752, 773–774, 67 S.Ct. 1493, 1504, 91 L.Ed. 1796. Once the right of an administrative agency to hold hearings is established, a litigant cannot enjoin them merely because he wishes to avoid future litigation or the hearings may be inconvenient or embarrassing. Allen v. Grand Central Aircraft Co., 1954, 347 U.S. 535, 540, 74 S.Ct. 745, 98 L.Ed. 933, and cases there cited.

■ The Declaratory Judgment Act, 28 U.S.C.A. §§ 2201, 2202, does not enlarge the jurisdiction of this court to permit judicial review of preliminary rulings before final action of an administrative body, since that Act does not confer jurisdiction over cases in which it did not exist before the Act. Hanes v. Pace, 1953, 92 U.S.App. D.C. 131, 203 F.2d 225.

For the foregoing reasons, the complaint does not state a cause of action upon which relief can be granted.

■ The complaint, as it stands, fails to name indispensable parties, namely, Willard J. Luff and John W. Slacks, shown by Senate Report 1458 to have been partners in Willmore Engineering Company at the time Willmore's claim against the Government arose, and the third member of the Arbitration Board, Eugene D. Hegarty, all of whom would be directly affected by any relief granted in this action.

In view of the statement of plaintiffs' counsel during the course of his argument on the motion to dismiss that he would amend to add any parties held by the court to be indispensable, the court will grant plaintiffs leave to add such parties defendant, but will grant the motion to dismiss the complaint on its merits.