**A/S CUSTODIA, Petitioner-Appellant,**

v.

**LESSIN INTERNATIONAL, INC.,
Respondent-Appellee.**

**No. 1033, Docket 74–1149.**

United States Court of Appeals,
Second Circuit.

Argued May 22, 1974.

Decided June 10, 1974.

John J. Reilly, New York City (Donald J. Kennedy and Haight, Gardner, Poor & Havens, New York City, on the brief), for petitioner-appellant.

Hervey C. Allen, New York City (Burlingham Underwood & Lord, New York City, on the brief), for respondent-appellee.

Before SMITH and TIMBERS, Circuit Judges, and TYLER, District Judge. *

PER CURIAM:

For the second time in as many years we have before us the propriety of a district court's determination—on affidavits rather than after an evidentiary hearing—of disputed issues of fact with respect to the making of an arbitration agreement. See Interocean Shipping Co. v. National Shipping and Trading Corp., 462 F.2d 673 (2 Cir. 1972). As in *In-*

*terocean,* we reverse and remand for an evidentiary hearing.

On October 5, 1973, A/S Custodia, a Norwegian corporation and the owner of the M/V Ferngrove, filed a petition in the Southern District of New York pursuant to Section 4 of the Federal Arbitration Act, 9 U.S.C. § 4 (1970), to compel arbitration of a controversy which had arisen under a charter party allegedly entered into on June 21, 1973 between Custodia and Lessin International, Inc., a New York corporation which was the charterer, for the transportation of a cargo of scrap from Tampa, Florida, to Taiwan. Lessin opposed the motion to compel arbitration on the ground that it had never entered into a written arbitration agreement, asserting that the alleged charter party relied upon by Custodia, although in writing, was unsigned.

The district court, Robert J. Ward, *District Judge,* without holding an evidentiary hearing but acting on the affidavits and briefs of the parties, on November 15, 1973 entered a brief order denying the motion to compel arbitration on the ground that "the parties do not appear to have entered into 'a written agreement for arbitration * * *' as required by the United States Arbitration Act, 9 U.S.C. § 4." Thereafter, on December 21, 1973, the court denied Custodia's motion for reargument, in connection with which Custodia for the first time brought to the attention of the court our decision in *Interocean* and requested the alternative relief of a trial on the issue of whether the parties had entered into a written arbitration agreement.

The claims as to whether there was a binding charter party, as disclosed in the papers upon which the district court acted, may be briefly summarized. Early in June 1973, Haakon Steckmest, of the brokerage firm of J. H. Winchester & Co., received a quotation from Lessin's broker, Ocean Freighting & Bro-

* Hon. Harold R. Tyler, Jr., of the District Court for the Southern District of New York, sitting by designation.

kerage Corp., to transport the cargo of scrap referred to above. This quotation was circulated by cable to various correspondents of Winchester. About two weeks later, on June 20, Steckmest received an offer on this business from Custodia's broker in Norway. The offer was conveyed on June 20 to Ocean Freighting which, on the same day, made a counter-offer on the vessel on behalf of Lessin. After the terms of the contract allegedly were agreed upon between Custodia and Lessin, Ocean Freighting prepared a form of charter party and forwarded it under cover of a letter dated June 25 to Steckmest with the request that he have it signed by Custodia. After obtaining authority from Custodia, Winchester signed the document on behalf of the owner and returned it to Ocean Freighting for execution by Lessin. Later, Steckmest was advised by Ocean Freighting that, since Lessin was unable to obtain the scrap cargo, it refused to sign the document.

Custodia claimed $76,000 damages as a result of Lessin's failure to perform the alleged charter party. The unsigned contract which had been forwarded under cover of the letter of June 25 contained a standard arbitration provision. Pursuant thereto, Custodia named an arbitrator and demanded that Lessin do likewise so that the controversy could be submitted to arbitration. Upon Lessin's failure to comply with the arbitration request, Custodia filed its petition in the district court to compel arbitration. A week later, Custodia filed its motion to compel arbitration.

■ The foregoing recital of the claims regarding the making of the charter party, which embodies the arbitration provision invoked, indicates disputed issues of fact. The critical issue is not whether the charter party was signed by the party sought to be charged (Lessin), but whether there was a meeting of the minds of the parties as to the essential terms of the agreement, even though unsigned by one party. Since a charter party is merely a contract, it is subject to all the rules and requirements of contract law. Gilmore and Black, The Law of Admiralty 172 (1957). As Judge Hincks observed in Fisser v. International Bank, 282 F.2d 231, 233 (2 Cir. 1960):

*"It does not follow . . . that under the [Federal Arbitration] Act an obligation to arbitrate attaches only to one who has personally signed the written arbitration provision.* For the Act contains no built-in Statute of Frauds provision but merely requires that the arbitration provision itself be in writing. Ordinary contract principles determine who is bound by such written provisions and *of course parties can become contractually bound absent their signatures. . . ."*

(footnotes omitted) (emphasis added). See also Bellmore Dress Co. v. Tanbro Fabrics Corp., 115 N.Y.S.2d 11 (Sup. Ct., N.Y.Co., 1952).

■ Also among the issues to be determined is the authority of the brokers to bind their respective principals—here especially the authority of Ocean Freighting to bind the charterer, Lessin. On this issue ordinary agency law applies.

In short, we hold that this case falls squarely under the provision of Section 4 of the Federal Arbitration Act, that "[i]f the making of the arbitration agreement . . . be in issue, the court shall proceed summarily to the trial thereof." Here, as in El Hoss Engineer & Transport Co. v. American Independent Oil Co., 289 F.2d 346, 351 (2 Cir.), cert. denied, 368 U.S. 837 (1961),

"[T]here would appear to be issues of fact . . . . These issues should not be determined on affidavits, but rather a full trial should be had."

Reversed and remanded.