MARC RICH & CO., A. G., Plaintiff,

v.

TRANSMARINE SEAWAYS CORP. OF MONROVIA, Defendant.

No. 77 Civ. 5651.

United States District Court, S. D. New York.

Jan. 13, 1978.

Milgrim, Thomajan & Jacobs, Professional Corp., New York City, for plaintiff.

Healy & Baillie, New York City, for defendant.

## MEMORANDUM AND ORDER

WHITMAN KNAPP, District Judge.

A dispute has arisen between plaintiff Marc Rich & Co. ("Rich") and defendant Transmarine Seaways Corp. ("Transmarine"), which is arbitrable pursuant to a contract which provides that arbitration shall proceed before a panel consisting of "one arbitrator to be appointed by the Owner, one by the Charterer, and one by the two so chosen." Pursuant to that provision, the owner (Transmarine) appointed one Lloyd C. Nelson as its arbitrator. As all parties were then fully aware, Mr. Nelson is the president of a corporation, which as agent for the owner of another vessel, was Rich's adversary in an unrelated dispute then in arbitration.[1] Suggesting that Nelson's involvement in that separate dispute created at least the appearance of bias, Rich asked Nelson to disqualify himself. Upon Nelson's failure to do so—and before the arbitration was commenced[2]—Rich instituted the present action for a judgment declaring that Nelson is disqualified and directing Transmarine to name a different arbitrator. Transmarine has moved to dismiss the complaint for lack of subject matter jurisdiction (on the ground that the qualifications of an arbitrator are not subject to review until after an award has been rendered) and for failure to state a claim (on the ground that the facts alleged could not disqualify Nelson). We grant the motion on the first ground, and express no views as to the second.

### Discussion

Prior to 1968 it was accepted law that the qualifications of an arbitrator could not be subjected to judicial scrutiny until after an award had been made. *Catz Am. Co. v. Pearl Grange Fruit Exch.* (S.D.N.Y.1968) 292 F.Supp. 549, 551; *Petition of Dover S. S. Co.* (S.D.N.Y.1956) 143 F.Supp. 738, 742; *Albatross S. S. Co. v. Manning Bros.* (S.D.N.Y.1951) 95 F.Supp. 459. In that year, however, the Supreme Court in *Commonwealth Coatings Corp. v. Continental Casualty Co.* (1968) 393 U.S. 145, 89 S.Ct. 337, 21 L.Ed.2d 301, in such a post-award scrutiny, vacated the award, finding an arbitrator to have been disqualified because he had failed to disclose a possible conflict of interest before entering upon his duties. Rich strongly argues that *Commonwealth Coatings* necessarily overrules prior law, in that it would be futile to require an arbitrator to disclose any possible disqualification at the outset if the parties were precluded from making effective objection until after the arbitration had been completed. Although this argument has surface plausibility, we do not think it should prevail.

As was recognized by all the Justices writing in *Commonwealth Coatings* (Mr. Justice Black for the majority, Mr. Justice White in concurrence and Mr. Justice Fortas in dissent), a prime objective of arbitration law is to permit a just and expeditious result with a minimum of judicial interference. It seems to us that this objective can best be achieved by requiring an arbitrator—as does the *Commonwealth* decision—to declare any possible disqualification, and then to leave it to his or her sound judgment to determine whether to withdraw. The arbitrator must of course be aware that such a decision would be subject to judicial review after the award had been made. 9 U.S.C. § 10(b).[3] Any

1. The arbitration panel in that unrelated dispute has since made an award, which was confirmed by the district court. *In re Arbitration between Andros Compania Maritima and Marc Rich & Co.* (S.D.N.Y. Nov. 30, 1977) 77 Civ. 5183. The matter is currently on appeal.

2. The panel did convene for a "first hearing," at which time attorneys for Rich voiced their objections to Nelson's participation. Because of the withdrawal of one of the other arbitrators, the proceeding was terminated without any action on the merits.

3. Congress, in enacting the Arbitration Act, 9 U.S.C. § 1, *et seq.,* provided for judicial vacation of awards on grounds of "evident partiality or corruption in the arbitrators," 9 U.S.C. § 10(b), and for judicial appointment of arbitrators in situations where the agreement establishes no procedure for designating them or where there is a lapse in making an appointment or in filling a vacancy, 9 U.S.C. § 5. These sections indicate that Congress was aware of both the potential dangers of bias and

other rule might spawn endless applications and indefinite delay. For example, should we deny this motion and ultimately find Mr. Nelson disqualified, there could be no assurance that Rich would be satisfied with his successor and would not bring yet another proceeding to disqualify him or her.[4]

We distinguish the instant situation from the one before Judge Neaher in *Erving v. Virginia Squires Basketball Club* (E.D.N.Y. 1972) 349 F.Supp. 716, 719, aff'd (2d Cir. 1972) 468 F.2d 1064. The contract in *Erving* provided for a specifically named arbitrator, and the court, in finding him disqualified and providing for his replacement, was in effect reforming the contract, an action that the named arbitrator lacked the power to undertake. The unreported decision in *Seidman v. Merrill Lynch* (S.D.N.Y. August 24, 1977) 75 Civ. 6316, is susceptible of similar analysis. In that case, the court found jurisdiction, prior to the commencement of arbitration, to consider the qualifications of the New York Stock Exchange, which, like the League Commissioner in *Erving*, was the arbitrator named in the contract. The alternative in both cases to continuing with the arbitrator designated by contract was replacement with another specifically named arbitrator.[5] Thus neither case presented the spectre of successive objections to arbitrators designated by the parties.

We believe our decision to be consonant with the dictum in the opinion of the Court of Appeals in *Sanko S. S. Co., Ltd. v. Cook Industries, Inc.* (2d Cir. 1973) 495 F.2d 1260, to the effect that the question of qualification, where initially committed to the arbitrators themselves, is subject to judicial review only after an award has been made. *Id.* at 1264 n. 4. Our conclusion is also consistent with the decisions in *Sunrise Undergarment v. Undergarment, Etc. Local 62* (S.D.N.Y.1976) 419 F.Supp. 1282, 1286 and *Fairwind Maritime Corp. v. Transworld Maritime Corp.* (S.D.N.Y. June 16, 1976) 76 Civ. 2293, aff'd without opinion (2d Cir. 1976) 551 F.2d 300.

For the foregoing reasons we dismiss the complaint on the ground that we at this time lack jurisdiction to pass upon the qualifications of the arbitrator.

SO ORDERED.

of the possibility of judicial intervention in the process of designating arbitrators. No section of the Act, however, provides for judicial scrutiny of an arbitrator's qualifications in any proceeding other than an action to confirm or vacate an award. If Congress had wished to authorize such review before arbitration proceedings commence, it could easily have so provided.

4. As Judge Brieant has recently noted, "[r]elationships in the maritime community in the Port of New York tend to be somewhat incestuous . . . . With the shrinkage and decline of maritime commerce in the Port of New York, the number of commercial men skilled in such matters, and willing to undertake arbitration of maritime disputes has become small.

These leaders meet and confer regularly in the course of their activities in trade associations, representation of their clients, and while attending to industry problems." *Andros Compania Maritima, supra*, at 8–9. It thus seems likely that any arbitrator named by the parties would have some relationship with one or another of them that one party might want to challenge in court before the commencement of arbitration.

5. Judge Neaher designated a neutral arbitrator in his order. *Erving, supra*, 349 F.Supp. at 719. In *Seidman* the action was for an order directing that the New York Stock Exchange be replaced by the American Arbitration Association.