In the Matter of the Arbitration between **E. B. MICHAELS and Ralph Michaels, on their own behalf and as agents for the former shareholders of Hyman-Michaels Company, Charterer, Petitioner-Appellant,**

**and**

**MARIFORUM SHIPPING, S.A., owners of the M/V LESLIE under a time charter party dated April 9, 1974, Respondent-Appellee.**

**No. 1001, Docket 80–7096.**

United States Court of Appeals, Second Circuit.

Argued April 7, 1980.

Decided June 27, 1980.

Francis H. McNamara, New York City (Hill, Betts & Nash, New York City, of counsel), for petitioner-appellant.

Christopher N. Fermanis, New York City (Haight, Gardner, Poor & Havens, New York City, John J. Reilly, Mario J. Machado, New York City, of counsel), for respondent-appellee.

Before FEINBERG, Chief Judge, and FRIENDLY and TIMBERS, Circuit Judges.

FEINBERG, Chief Judge:

This case requires us to consider whether a district court erred in reviewing an interim award in arbitration. E. B. Michaels and Ralph Michaels, on their own behalf and as agents for the former shareholders of the Hyman-Michaels Company (Charterer), appeal from a memorandum decision of the United States District Court for the Southern District of New York, Lloyd F. MacMahon, J., that denied their petition under 9 U.S.C. § 10 for an order vacating a decision and interim award in arbitration. As will be seen below, we believe that the district judge correctly refused to vacate the award. However, rather than reaching the merits of Charterer's claims, he should simply have dismissed the petition as premature. Therefore, we vacate the judgment of the district court and remand with instructions to dismiss the petition.

I.

The relevant facts are not in dispute. In 1974, Charterer entered into a two-year time charter party for the M/V Leslie with appellee Mariforum Shipping, S.A. (Owner). Shortly thereafter, the Leslie suffered the first of a series of mishaps that were to plague the ship during the following months. In 1975, Charterer unilaterally terminated the charter party on the ground of commercial frustration; at the time of termination, the charter party still had approximately a year to run. After Owner refused its demands for restitution of hire payments already made, Charterer instituted arbitration proceedings pursuant to the terms of the charter party. Charterer filed six claims in arbitration seeking damages of approximately $175,000; Owner responded with six counterclaims for over $1,695,000.

Following ten hearings over a two-year period, the three-member arbitration panel delivered a "Decision & Interim Award," dated July 6, 1979 (interim award), with one member dissenting in part. The interim award held Charterer liable on four of Owner's six counterclaims; one of Owner's two remaining counterclaims was decided in

Charterer's favor, while decision on the other counterclaim was deferred until a final damage award was made. The interim award did not decide any of Charterer's claims, and did not determine Owner's damages on any of the counterclaims on which Charterer had been held liable because, according to the arbitrators, "the parties agreed to separate liability and damages so far as counterclaims of Owner are concerned." All issues relating to Owner's damages or to Charterer's claims were reserved pending further evidentiary hearings and submissions. We are told that since the date of the interim award, there have been further arbitration hearings with regard to those issues.

After the interim award was announced, Charterer petitioned in the district court for an order vacating the award, staying the arbitration proceedings meanwhile, and requiring the arbitration to commence de novo before a new panel of arbitrators. Charterer claimed first that the interim award should be vacated because it was not "mutual, final, and definite" within the meaning of 9 U.S.C. § 10(d).[1] The court, however, held that § 10(d) was inapplicable to an award that neither party sought to confirm and that did not purport to be final. The court also rejected Charterer's contention that the arbitrators' failure to decide Charterer's claims simultaneously

with the counterclaims of Owner was "misbehavior" within the meaning of 9 U.S.C. § 10(c).[2] Despite Charterer's claim that the parties had stipulated that all liability issues were to be decided simultaneously and before hearings on damages, the court found that the arbitrators had retained their broad discretion to decide the questions before them in whatever order they deemed suitable; the court held, moreover, that postponement of consideration of Charterer's claims to the damages phase of the proceedings was reasonable under the circumstances of this case, since Charterer's claims depended essentially on the disposition of Owner's claims. Finally, after reviewing the record the court considered and rejected Charterer's challenges to the merits of the arbitrators' decision on two of Owner's claims.

## II.

As the district court noted, the award under review here "does not purport to be final but is merely a first step in deciding all claims submitted to arbitration." In order to be "final," an arbitration award must be intended by the arbitrators to be their complete determination of all claims submitted to them. See *Mobil Oil Indonesia Inc. v. Asamera Oil (Indonesia) Ltd.*, 43 N.Y.2d 276, 281, 401 N.Y.S.2d 186, 372 N.E.2d 21 (1977).[3] Generally, in order

---

1. Section 10(d) provides, in relevant part:
    In either of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration—

    (d) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

2. Section 10(c) provides, in relevant part:
    In either of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration—

    (c) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and materi-

al to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.

3. The instant case arises under the Federal Arbitration Act and is therefore governed by federal law. Nevertheless, in view of the relative paucity of precedents on the particular issue and the similarity of language with regard to judicial review between the federal Act and the corresponding provisions in the New York statute, compare 9 U.S.C. §§ 9–11 with N.Y. Civ. Prac. §§ 7510–7511, we have looked to New York State decisions, as well. See *The Hartbridge*, 57 F.2d 672, 673 (2d Cir. 1932) (per curiam), cert. denied, *Munson Steamship Line v. North of England Steamship Co.*, 288 U.S. 601, 53 S.Ct. 320, 77 L.Ed. 977 (1933); *Island Territory of Curacao v. Solitron Devices*, 356 F.Supp. 1, 11–12 (S.D.N.Y.), aff'd, 489 F.2d 1313 (2d Cir. 1973); *Puerto Rico Maritime Shipping Authority v. Star Lines Ltd.*, 454 F.Supp. 368, 372 & n. 6 (S.D.N.Y.1978).

for a claim to be completely determined, the arbitrators must have decided not only the issue of liability of a party on the claim, but also the issue of damages. See *Puerto Rico Maritime Shipping Authority v. Star Lines Ltd.*, 454 F.Supp. 368, 373–74 (S.D.N.Y. 1978). Since the interim award here did not decide any of Charterer's claims, it obviously was not a final determination of all issues submitted. Moreover, with the exception of the one Owner counterclaim decided in Charterer's favor, which Charterer obviously does not attack, the award did not finally dispose of any of the claims submitted, since it left open the question of damages on the four counterclaims of Owner that it sustained and reserved decision on the fifth.

■ The district court correctly recognized that the interlocutory nature of the interim award rendered premature Charterer's challenge to it under 9 U.S.C. § 10(d). Section 10(d) provides that a district court may vacate an award where the arbitrators so "imperfectly executed" their powers that "a mutual, final, and definite award upon the subject matter submitted was not made." That section has no application to an interim award that the arbitrators did not intend to be their final determination on the issues submitted to them. It is only when arbitrators "imperfectly execute" their powers and make an award that purports to be final, but is in fact not, that vacatur is appropriate under § 10(d). But while the district court properly held that it could not entertain a § 10(d) attack on the interim award, it evidently assumed that it had jurisdiction to hear and decide Charterer's remaining challenges to the award. We believe, however, that the court erred in reaching the merits of these claims and in following any course other than dismissal of the petition.

■ Under the Federal Arbitration Act, 9 U.S.C. § 1 et seq., a district court does not have the power to review an interlocutory ruling by an arbitration panel. See *Travelers Insurance Co. v. Davis*, 490 F.2d 536, 541–42 & n. 12 (3d Cir. 1974); *Compania Panemena Maritima v. J. E. Hurley Lumber Co.*, 244 F.2d 286, 288–89 (2d Cir. 1957); *Luff v. Ryan*, 128 F.Supp. 105, 108–09 (D.D.C. 1955); cf. *Mobil Oil Indonesia, supra*, 43 N.Y.2d at 281, 401 N.Y.S.2d 186, 372 N.E.2d 21 (interpreting New York's arbitration statute).[4] The language of the Act is unambiguous: it is only after an award has been made by the arbitrators that a party can seek to attack any of the arbitrators' determinations in court, by moving either to vacate the award, see 9 U.S.C. § 10, or to modify or correct it, see id. at § 11. Thus, as was pointed out in *Luff, supra*, 128 F.Supp. at 109, a district court is without authority to review the validity of arbitrators' rulings prior to the making of an award. Where, as here, arbitrators make an interim ruling that does not purport to resolve finally the issues submitted to them, judicial review is unavailable.

Policy considerations, no less than the language of the Act and precedent construing it, indicate that district courts should not be called upon to review preliminary rulings of arbitrators. Most of the advantages inherent in arbitration are dissipated by interlocutory appeals to a district court. As we stated in *Compania Panemena Maritima, supra*, 244 F.2d at 288–89, a district court should not "hold itself open as an appellate tribunal" during an ongoing arbitration proceeding, since applications for interlocutory relief "result only in a waste of time, the interruption of the arbitration proceeding, and . . . delaying tactics in a proceeding that is supposed to produce a speedy decision." Similarly, the New York Court of Appeals has recently pointed

---

4. Similarly, it is well established that a district court cannot entertain an attack upon the qualifications or partiality of arbitrators until after the conclusion of the arbitration and the rendition of an award. See *Marc Rich & Co. v. Transmarine Seaways Corp. of Monrovia*, 443 F.Supp. 386, 387–88 (S.D.N.Y.1978) (Knapp, J.); *Catz American Co. v. Pearl Grange Fruit Exchange, Inc.*, 292 F.Supp. 549, 551 (S.D.N.Y. 1968) (Mansfield, J.); *Petition of Dover Steamship Co.*, 143 F.Supp. 738, 740–41 (S.D.N.Y. 1956) (Herlands, J.); *Albatross S.S. Co. v. Manning Bros.*, 95 F.Supp. 459, 462 (S.D.N.Y.1951) (Weinfeld, J.).

out that arbitration is supposed to conserve the time and resources of both the courts and the parties; thus,

> for the court to entertain review of intermediary arbitration decisions involving procedure or any other interlocutory matter, would disjoint and unduly delay the proceedings, thereby thwarting the very purpose of conservation.

*Mobil Oil Indonesia,* supra, 43 N.Y.2d at 282, 401 N.Y.S.2d at 188, 372 N.E.2d at 23. This case is a good example of how not to realize the alleged advantages of arbitration; 10 hearings over two years, with more to follow, is not a display of speed, economy or simplicity. We believe there is force to Owner's charge that Charterer has turned the arbitration process into a "war of attrition." In any event, we do not think there should now be engrafted onto this creeping and as yet incomplete arbitration the added procedure of judicial review.[5]

Thus, we conclude that the district court should have dismissed Charterer's petition for vacatur on the ground that it lacked power to review this interlocutory award; accordingly, we vacate the judgment of the lower court and remand for dismissal in accordance with this opinion. We realize that our disposition of this case may eventually allow Charterer to attempt to relitigate in court, at such time as a final award is rendered, issues previously determined by the district court. But while our holding today may result in a certain degree of duplication of effort in this particular instance, it will, we hope, decrease such waste in the future.

Since the trip to this court was caused by appellant's premature petition to vacate in the district court, we award costs to appellee.

---

**5.** Charterer cites to us *Sportswear, Ski-Suits & Waterproof Garment Workers' Union, Local 246 v. Evans Mfg. Co.,* 318 F.2d 528 (3d Cir. 1963); *In the Matter of Cephalonian Shipping Co., S/A,* No. 79–0334, 1979 A.M.C. 1451 (S.D. N.Y.1979) and *Puerto Rico Maritime,* supra. If anything, *Evans* and *Puerto Rico Maritime* support the result here, but to the extent that the language of any of these cases approves of interlocutory review of arbitration awards, we respectfully disagree.

We also note *Aerojet-General Corp. v. American Arbitration Ass'n,* 478 F.2d 248, 251 (9th Cir. 1973), which indicated in dicta that interlocutory review of a ruling fixing the place of an arbitration hearing might be justified in certain "extreme cases" where the choice of venue was not made in good faith and irreparable injury would result. Since this issue is not presented here, we need not consider whether the inhibition against judicial review of interim orders in arbitration extends to such an "extreme" situation.