**CRISTINA BLOUSE CORP., Plaintiff,**

v.

**INTERNATIONAL LADIES GARMENT WORKERS' UNION, LOCAL 162 and Sportswear Apparel Association, Inc., Defendants.**

**80 Civ. 445(MP).**

United States District Court, S. D. New York.

July 16, 1980.

Auerbach & Labes, New York City, for plaintiff by William Auerbach, New York City.

Tilles & Bronchick, Melville, N. Y., for defendant by C. Evans Tilles, Melville, N. Y.

Kapelsohn, Lerner, Reitman & Maisel, Newark, N. J., for defendant ILGWU Local 162 by Melvin L. Gelade, Larry Magarik, Newark, N. J.

## DECISION

MILTON POLLACK, District Judge.

The plaintiff sues for an injunction pursuant to Rule 65(a) of the Federal Rules of Civil Procedure staying the defendants from proceeding with arbitration of an alleged dispute with the plaintiff or in the alternative disqualifying the proposed arbitrator named in the collective bargaining agreement before the Court. Plaintiff asserts that this action arises under Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185, and the Declaratory Judgment Act, 28 U.S.C. § 2201. Plaintiff is a New Jersey corporation engaged in interstate commerce in the manufacture of women's sportswear apparel and its place of business is in Union City, New Jersey.

Hector Figallo, the president of the plaintiff Cristina Blouse Corp., asserts that on or about January 19, 1979 one, Sidney Reiff, the labor manager of the Sportswear Apparel Association, Inc., a trade organization of employers, visited Cristina and sought to have the plaintiff join the trade Association defendant herein and allegedly then represented to Mr. Figallo that by becoming a member of the Association, Cristina could be represented successfully by the Association in any attempt by a Union to organize the employees of the plaintiff Cristina. In effect, he avers that he was offered membership in the Association on the notion that Cristina would remain non-union. Plaintiff contends that it was not disclosed to Cristina that the Association had or would enter into a collective bargaining agreement with the defendant Union on behalf of the Association members or commit them to a compulsory arbitration agreement.

Mr. Figallo thereupon signed an agreement joining the Association as a member thereof but claims that it was not read or interpreted to him and that he did not understand that the agreement he was signing committed Cristina to the master agreement between the Association and the defendant Union binding its members to a collective bargaining agreement with the Union. A prerequisite for membership in the Association is the agreement by the employer members to be bound by a collective bargaining agreement with the defend-

**510**

ant Union which contains a broad arbitration clause.

Mr. Figallo has stated in an affidavit submitted to the Court that he was surprised to learn that the agreement he had signed purposed to bind the plaintiff Cristina to the collective bargaining agreement mentioned above. He has stated that he was induced by the representation that his shop would remain non-union to sign the acknowledgment of membership in the Association and that the true nature of the document was concealed from him. However, the evidence establishes that Mr. Figallo also signed a so-called Ratification of Union Agreement Form.

It further appears that by agreement with the Association's representative, its labor manager, the Union negotiated certain modifications of the Union agreement in respect of the plaintiff including a provision that plaintiff would not have to contribute to the Union's Health and Welfare Funds until June 1979 by reason of the fact that the plaintiff's shop was new. Other modifications of conditions were similarly agreed upon and a memorandum of the several modifications was drawn up which was signed by Mr. Figallo on behalf of the plaintiff and by the Union.

The Union has filed a demand for arbitration of disputes that have arisen within the terms of the arbitration agreement. This suit to enjoin the arbitration demanded or to disqualify the proposed arbitrator, followed.

It has been held in this Circuit that claims of fraud in the inducement of a contract are typically left for decision to the arbitrator, where, as here, the arbitration clause is broad enough to encompass such claims. *See Paramount Bag Manufacturing Co., Inc. v. ILGWU Local 98*, 353 F.Supp. 1131 (E.D.N.Y.1973); *Makress Lingerie v. ILGWU Local 601*, 395 F.Supp. 110 (S.D.N.Y.1975); *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967).

■ It is the law of this Circuit that a party may be bound by an agreement to arbitrate even in the absence of a signature. *A–S Custodia v. Lessin International Inc.*, 503 F.2d 318 (2d Cir. 1974); *Fisser v. International Bank*, 282 F.2d 231, 235 (2d Cir. 1960). Ordinary principles of contract determine which parties are bound. The Court finds that the plaintiff voluntarily, knowingly and intentionally bound the plaintiff to the collective bargaining agreement with the Union. The Court has before it clear evidence that the plaintiff ratified the Union agreement in writing. It also has before it an arbitration clause which covers "all complaints, disputes or grievances . . . involving questions of interpretation or application of any clause of this agreement, or acts, conduct or relations by the parties or the respective members, directly or indirectly. . . . "

The Court finds that the Association agreement and the Ratification of Union Agreement were not signed under any misapprehension or misrepresentation; that in all likelihood the plaintiff joined the Association in order to obtain a certain piece of business from a particular jobber, named Great Times, which could only be given to a Union shop.

■ The application for an injunction is in all respects denied. However, plaintiff claims that the arbitrator named in the collective bargaining agreement as the Impartial Chairman, Marshall L. Rosenberg, Esq., turns out to be a former lawyer for the ILGWU, the Union defendant. As such he may not be considered, over objection, as impartial and must be disqualified to serve as an arbitrator in this matter. A person or tribunal permitted by law to try cases and controversies not only must be unbiased but also must avoid even the appearance of bias. A former attorney for a party to the arbitration up until his designation as an Impartial Arbitrator in the collective bargaining agreement does not qualify as a proper arbitrator of its grievances, if objection is made to him, and where this is made manifest he must be displaced.

■ Accordingly a neutral arbitrator shall be agreed upon by the parties or a method of selecting one shall be agreed

upon by the parties in default of which the Court will designate an arbitrator qualified in labor disputes. The contract between the parties shall be deemed reformed accordingly. *See Marc Rich & Co. v. Transmarine Seaways Corp. of Monrovia*, 443 F.Supp. 386 (S.D.N.Y.1978) (Knapp, J.).

The foregoing shall constitute the findings of fact and conclusions of law required by Rule 52(a) of the Federal Rules of Civil Procedure and judgment shall be entered accordingly.

SO ORDERED.