## SOHTORIK SHIPPING AND TRADING, INC., Plaintiff,

v.

## PETER CREMER BEFRACHTUNG-SKONTOR, GMBH. & CO. K. G., Defendant.

### No. 80 CIV. 4000 (CBM).

United States District Court, S. D. New York.

Oct. 1, 1980.

Dougherty, Ryan, Mahoney, Pellegrino, Giuffra & Zambito, New York City, for plaintiff; Vincent J. Barra and John Hession, New York City, of counsel.

Symers, Fish & Warner by William Warner, New York City, for defendant.

## MEMORANDUM OPINION

MOTLEY, District Judge.

On March 23, 1977, plaintiff, Sohtorik Shipping and Trading, Inc., entered into a time charter agreement with Godager Shipping Agencies, A/S, Oslo (Godager). The agreement chartered to Godager a ship owned by plaintiff, the M. V. "Norse Transporter." Godager then subchartered the vessel to defendant, Peter Cremer Befrachtungskontor. The subcharter agreement provided for a voyage from Barbados to Denmark. On July 14, 1979, the M. V. "Norse Transporter" was damaged while attempting to dock in Oslo. Plaintiff filed suit to recover damages resulting from defendant's allegedly negligent actions at various stages of the docking operation. On August 22, 1980, defendant filed the instant motion seeking summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, or, in the alternative, an order staying these proceedings pending arbitration pursuant to Rule 81(a)(3) of the Federal Rules of Civil Procedure and the United States Arbitration Act, 9 U.S.C. §§ 3, 6.

Defendant's motion rests entirely on an arbitration clause contained in the charter party agreement between it and Godager. Defendant contends that under the terms of the arbitration clause, plaintiff's failure to arbitrate this claim bars the action. In the alternative defendant asks that plaintiff be compelled to arbitrate if this court concludes that the claim is not barred.

Plaintiff's response is that no contractual privity exists between it and defendant. This is obviously true because both parties agree that plantiff did *not* sign the subcharter agreement between Godager and defendant. Plaintiff is neither a party to the agreement on which defendant relies nor was plaintiff a party to the negotiations between Godager and defendant. Thus, this is not a situation where a hearing must be held to determine whether plaintiff agreed to arbitrate disputes arising out of a

contract. Such hearings have been found to be necessary when there is a fact question concerning the existence of the underlying contract which contains the arbitration clause. *See e. g., Interocean Shipping Company v. National Shipping and Trading Corporation*, 523 F.2d 527 (2d Cir. 1975); *A/S Custodia v. Lessin International, Inc.*, 503 F.2d 318 (2d Cir. 1974). In the instant case, no one disputes that Godager and defendant entered into a subcharter agreement, and no one disputes that plaintiff was not a party to that agreement.

It is long settled law in this Circuit that arbitration clauses contained in charter party agreements do not bind any but the named parties to the agreement. *See Interocean Shipping Co. v. National Ship and Trading Corporation, supra; Import Steel Corporation v. Mississippi Valley Barge Line Co.*, 351 F.2d 503 (2d Cir. 1965); *Instituto Cubano De Estabilazion Del Azucar v. T/V Golden West*, 246 F.2d 802 (2d Cir.), *cert. denied*, 355 U.S. 884, 78 S.Ct. 152, 2 L.Ed.2d 114 (1952). There are two narrow exceptions to this rule. The first involves "piercing the corporate veil" to reach a non-signatory party when that corporation is effectively the alter ego of the corporation which signed the charter party in question. *See e. g. Interocean Shipping Co. v. National Ship and Trading Corporation*, 523 F.2d at 539 (and cases discussed therein). There is no factual basis to conclude that Godager and plaintiff have the requisite close relationship.

The second exception appears in an opinion by Judge Weinfeld, *Lowrey & Co. v. S. S. Le Moyne D'Iberville*, 253 F.Supp. 396 (S.D.N.Y.1966) (*Lowrey*), cited by defendant in support of its position that the owner here although not a signatory is nevertheless bound. A careful reading of *Lowrey* reveals that the case is inapposite. The arbitration clause at issue in that case was the so-called "centrocon" clause, commonly employed in maritime charter agreements. The "centrocon clause," by its own terms, applies to "*all disputes* from time to time arising out of this contract." 253 F.Supp. 396. (Emphasis added) Judge Weinfeld specifically pointed to this language to dis-

tinguish his decision from previous contrary authority in this Circuit involving arbitration clauses which instead applied to "disputes 'between the . . . owners and the charterers.'" 253 F.Supp. at 398. Judge Weinfeld agreed that the second, more specific wording, would be inapplicable to a party which had not signed the agreement.

Defendant has attached a copy of the agreement between it and Godager to the instant motion as "Exhibit A." Examination of the agreement shows that a portion of the arbitration clause originally contained in the agreement has been crossed out. The portion left in reads: "That should any dispute arise between Owners and the Charterers, the matter in dispute shall be referred to." A line has then been drawn directing the reader's attention from the *crossed out portion* of the original arbitration clause to a notation in the margin. The notation provides for "Arbitration in New York according to Centrocon Arbitration Clause within three months from redelivery."

Combining the marginal notation with the intact portion of the original arbitration clause yields a composite arbitration clause which reads:

"That should *any dispute arise between Owners and the Charterers*, the matter in dispute shall be referred to arbitration in New York according to the Centrocon Arbitration Clause within three months from redelivery." (Emphasis added).

Thus, the charter agreement on which defendant relies clearly indicates that the entire "centrocon" clause was not incorporated. Instead, the "centrocon" clause was incorporated subject to the language in the original arbitration clause concerning the parties to which the clause applied. The original language restricts application of the arbitration clause to the named parties. The instant case is thus identical to the situation which Judge Weinfeld sought to distinguish in *Lowrey*, and as a result, *Lowrey* undercuts defendant's position even further.

Moreover, Judge Weinfeld was careful to state that his opinion depended both on the general terms of the "centrocon" clause, not present here, *and* the existence of other information indicating that the party not named in the original agreement knew of the arbitration provision and assented to it. As Judge Weinfeld expressed the point, "an agreement to arbitrate all 'disputes . . . arising out of this charter' binds not only the original parties, but also all those who subsequently consent to be bound by its terms." 253 F.Supp. at 398. The instant case lacks both the requisite contractual language and any indication that plaintiff consented to the arbitration clause in question.

For the reasons stated above, defendant's motion is denied in all respects.