**JONES v. MISSISSIPPI VALLEY BARGE LINE CO.**

No. 164.

United States District Court
W. D. Pennsylvania.

Aug. 1, 1951.

Hymen Schlesinger, Pittsburgh, Pa., for libellant.

J. Roland Johnston and Thorp, Reed & Armstrong, all of Pittsburgh, Pa., for respondent.

STEWART, District Judge.

The libellant brought this action to recover certain wages, together with penal-

ties, alleged to be due and owing to him under a contract of employment with the respondent. Prior to filing an answer to the libel, the respondent filed a motion for stay of the proceedings pursuant to Section 3 of Title 9 of the United States Code, which provides that where the issue involved in the suit is an "issue referable to arbitration" under a written agreement, the court may grant a stay of proceedings until such arbitration has been had.

This motion was denied by the Court and the respondent was directed to file an answer. In denying the motion, the Court stated that from the pleadings then before the Court, it was not apparent that an "issue referable to arbitration" existed.

An answer has now been filed, to which is attached a complete copy of the contract between the Respondent and the National Maritime Union of America (C. I. O.) covering all the conditions of employment of the libellant, a union member, by the respondent. Subsequent to the filing of the answer, the respondent filed a second motion for a stay under Section 3 of Title 9 of the United States Code, asserting that it is now apparent from the record that there is an "issue referable to arbitration" under a written contract.

The libellant contends that the motion for stay should be denied for three reasons: The first relates to the applicability of the United States Arbitration Act, 9 U.S.C. § 1 et seq., the second concerns the problem of whether there is an "issue referable to arbitration"; and the third involves the ruling of this Court with respect to the prior motion.

## I.

It is the contention of the libellant that under the terms of the United States Arbitration Act, claims by seamen for wages are excepted. This is based on the wording of Section 1 of the Arbitration Act, 9 U.S.C. § 1, which in defining "maritime transactions" and "commerce" states in part "but nothing herein contained shall apply to contracts of employment of seamen". In further support of this contention, the libellant argues that Section 2 shows clearly that the Arbitration Act was intended to enforce arbitration clauses in contracts covering only "maritime transactions" and transactions involving "commerce" as defined in Section 1. A similar contention has been rejected by the Court of Appeals for the Third Circuit. Watkins v. Hudson Coal Co., 3 Cir., 1945, 151 F.2d 311; Donahue v. Susquehanna Collieries Co., 3 Cir., 1943, 138 F.2d 3, 149 A.L.R. 271.

Section 3, the applicable provision in this case, is in general terms and does not refer to "maritime transactions" or transactions involving "commerce"; but applies to " * * * any suit or proceeding * * * in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing * * *". In Donahue v. Susquehanna Collieries Co., supra, the Court of Appeals for the Third Circuit held that the provisions of Section 3 are not to be limited to the specific instances dealt with in Section 2. This case was followed by the same court in Watkins v. Hudson Coal Co., supra. These decisions are controlling here.

## II.

The second question is whether there is an "issue referable to arbitration" under a written contract. Under the contract here involved, employees are entitled to time-off pay for a period accumulated in a manner set forth in Article IV, Section 2 thereof. It is this pay which the libellant claims is due and owing to him. All straight time wages have been paid. The answer avers that the libellant quit the vessel without being properly relieved, and is therefore not entitled to any time-off pay since Article IV, Section 2, contains a condition as follows: "Time off will be granted only when properly relieved * * *".

Consequently, it appears that the real issue in this case is the factual one of whether or not the libellant was properly relieved. This is a dispute under the written contract, and under the provisions of Article V, Section 1, is referable to arbitration. Article V, Section 1, of the contract provides, in part: "Any dispute or grievance arising in connection with the provisions

of this agreement shall be settled according to the following procedure * * *".

Arbitration is the last step in this procedure.

■ Since the libellant claims not only wages, but also a penalty under Section 596 of Title 46 of the United States Code, 46 U.S.C.A. § 596, the respondent argues that there is an issue which is not referable to arbitration under a written agreement. However, there can be no claim for the penalty if no wages are due the libellant. The fundamental problem is whether any wages are due the libellant, and this depends, under the contract, on the factual issue of whether or not the libellant has been properly relieved. Therefore, we are of the opinion that there is an "issue referable to arbitration".

### III.

■ The ruling on the first motion to stay is not controlling since that ruling was based only on the pleadings before the Court at that time. In denying the motion, the Court stated that it was not apparent from the pleadings then before it that there was an "issue referable to arbitration". Subsequent to that ruling, an answer was filed, to which was attached a copy of the entire contract. With this additional record, we now hold that there is an "issue referable to arbitration".

The Court will, therefore, grant the motion for stay of the proceedings.