PENNSYLVANIA GREYHOUND LINES, Inc. v. AMALGAMATED ASS'N OF STREET, ELECTRIC RY. & MOTOR COACH EMPLOYEES OF AMERICA, DIVISION 1063 et al.

Civ. No. 9728.

United States District Court
W. D. Pennsylvania.

Aug. 3, 1951.

Samuel W. Pringle and Dalzell, McFall, Pringle & Bredin, all of Pittsburgh, Pa., for plaintiff.

Jason Richardson, Frank R. Bolte, Pittsburgh, Pa., for defendants.

STEWART, District Judge.

On July 20, 1951, plaintiff made ex parte application to the Court as required in Rule 26(a), Federal Rules of Civil Procedure, 28 U.S.C., for leave to take oral depositions of the individual defendants. At the time of the application none of the defendants had been served, but counsel urged upon the Court the desirability of permitting the depositions to be taken in advance of the twenty-day period provided in Rule 26(a), among other reasons because the defendants were numerous and were widely separated and much time and expense could be saved by serving the notice of intention to take depositions at the time of service of the complaint. The Court made an order fixing the time for taking such depositions as July 26, 1951, but stated that the Court would hear counsel for the defendants if this date was not convenient. On July 23, 1951, the defendants' counsel requested the extension of the time for taking depositions to August 7, 1951. The Court ordered such extension without prejudice to the right of the defendants to file such motions as counsel might deem appropriate prior to the time fixed for the taking of depositions.

The complaint alleges violation by the defendant union and by the individual defendants, presently officers and directors of the union, or officers and directors at the time the cause of action is alleged to have arisen, of a written agreement between the plaintiff and the defendant union which agreement is attached to the complaint. The specific violation alleged is of Section 6 of Article I wherein the union agrees that it will not strike and the company agrees that it will not lock out its employees during the lifetime of the agreement. In alleged violation of the above provision, a strike occurred on May 19, 1951 which was the result of a conspiracy between the officers of the union and some of its members. The plaintiff seeks damages against the defendants and relief by way of injunction.

The case is now before the Court on the motion of the defendants to stay the proceedings or in the alternative to dismiss. As a basis for their motion to stay the proceedings, the defendants urge that Section 2 of Article I of the agreement between the parties (Exhibit A of the complaint) requires the submission of the matter here in dispute in accordance with the grievance and arbitration procedure provided in this section. The pertinent part of the contract is as follows:

"Article 1

Sec. 2. All differences, disputes and grievances, other than discipline and discharge cases, hereinafter provided for, between the parties arising out of or by virtue of the within collective labor agreement shall be disposed of in the following manner:

\* \* \* \* \* \* .

"In the event any grievance, dispute or difference originates in which the Company regards itself as the aggrieved party, the Company shall take up such matter within thirty (30) days from the occurrence on which such grievance is based, with the Local President in the Division in which such grievance originates. Failing a satisfactory disposition of such grievance within five (5) days from the date of such submission, the matter may be taken up by the duly designated Company representative within the next ensuing ten (10) days with the chairman of the Penn Executive Council of Amalgamated Divisons.

"In the Event no satisfactory adjustment is reached within ten (10) days after such submission, the issue may be submitted for determination to arbitration in the manner hereinabove provided for not later than thirty (30) days thereafter."

■ It is clear from the complaint and is agreed between the parties that the matter which forms the basis of this action was not submitted under this provision of the contract. Counsel for the plaintiff contend that the motion for stay of the proceeding pending arbitration may not be granted for the reason that the United States Arbitration Act, 9 U.S.C. § 1, is not applicable to this contract for the reason that Section 1 of the Arbitration Act excludes contracts of employment involving interstate commerce. The Court of Appeals for the Third Circuit has rejected this contention: Watkins v. Hudson Coal Co., 3 Cir., 1945, 151 F.2d 311; Donahue v. Susquehanna Collieries Co., 3 Cir., 1943, 138 F.2d 3, 149 A.L.R. 271. This Court in an opinion filed August 1, 1951, Jones v. Mississippi Valley Barge Line Co., 98 F.Supp. 787, has followed the above authorities.

Even though we should accept the contention of the plaintiff that the exclusions in Section 1 of the Arbitration Act are applicable to Section 3 of the Act, we believe that it is extremely doubtful that this contract is within the class contemplated. Section 1 of the Arbitration Act provides "nothing herein contained shall apply to contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce". In the case of United Office & Professional Workers of America (C. I. O.) v. Monumental Life Insurance Co., D.C., 88 F.Supp. 602 at page 606, decided February 9, 1950 by Judge McGranery of the Eastern District of Pennsylvania, the court held that a collective labor contract is not a contract of employment within the meaning of the Act. The conclusion of the court in the Monumental Life Ins. Co. case, supra, is supported by the dictum of the Supreme Court, speaking through Mr. Justice Jackson, in the case of J. I. Case Co. v. N. L. R. B., 1944, 321 U.S. 332, 64 S.Ct. 576, 88 L.Ed. 762.

■ The plaintiff further contends that the matter involved in this action is not referable to arbitration for the reason that the grievance and arbitration procedure in the contract was intended to prevent strikes and lockouts and was not intended to be resorted to after a strike had occurred. The provisions of the contract in this respect are very broad. Section 2 of Article I of the contract includes "all differences, disputes and grievances, other than discipline and discharge cases, hereinafter provided for, between the parties arising out of or by virtue of the within collective labor agreement". We believe this language is clear and unambiguous and does not admit of any explanation or limitation by parole evidence or otherwise. Gianni v. R. Russel & Co., 1924, 281 Pa. 320, 126 A. 791. On the contrary, it seems clear to us that if the employer has occasion to resort to the grievance and arbitration machinery of the contract, it would very likely be in connection with a strike. We, therefore, hold that the case raises an "issue referable to arbitration under an agreement in writing for such arbitration" within the terms of Section 3 of the United States Arbitration Act.

■ Plaintiff further contends that assuming the dispute is referable to arbitration, the Court should not stay the taking of the depositions since only the stay of the trial of the case rather than the preliminary steps is contemplated. Section 3 of the United States Arbitration Act em-

powers the Court on being satisfied that the issue involved "in such suit or proceeding is referable to arbitration" to "stay the trial of the action until such arbitration has been had". No case cited under this section has drawn the distinction which Plaintiff seeks to draw between the trial of the case and the proceedings antecedent thereto. It would obviously be wasteful and unnecessary to permit preliminary proceedings during the course of an arbitration when the determination of the matter involved would most likely result from the arbitration. We do not believe that Congress intended any such limitation upon the power of the Court. For the purpose of this section "the trial of the action" was intended to include preliminary matters such as depositions as well as the actual trial in the Court room.

We conclude, therefore, that the defendants are entitled to a stay of the proceedings until the arbitration is had.

Defendants also move the Court to dismiss the action because as they allege the complaint discloses on its face that the occurrence which forms the basis of the dispute occurred on May 19, 1951, and that therefore it is now too late, more than thirty days having elapsed, to resort to the grievance and arbitration provisions in the absence of some reason for failing to institute arbitration within the period provided in the contract. It is clear that the plaintiff did not resort to arbitration under the contract for the reason that, as vigorously contended before the Court, it was advised that the matter was not referable to arbitration. This in itself, in our opinion, would constitute sufficient reason for the delay. Moreover, the defendants cannot on the one hand argue that the matter here involved is referable to arbitration and, on the other hand, that it is not referable to arbitration. The other reasons advanced by the defendants for dismissal of the action are without merit at this time.

We shall, therefore, grant the motion of the defendants to stay all proceedings pending the arbitration and deny the motion of the defendants to dismiss the complaint.