PENNSYLVANIA GREYHOUND LINES, Inc. v. AMALGAMATED ASS'N OF STREET, ELECTRIC RY., & MOTOR COACH EMPLOYEES OF AMERICA, DIVISION 1063, et al.

No. 10547.

United States Court of Appeals Third Circuit.

Argued Dec. 21, 1951.

Decided Jan. 2, 1952.

Theodore Voorhees, Philadelphia, Pa., Samuel W. Pringle, Pittsburgh, Pa., F. Hastings Griffin, Philadelphia, Pa., Barnes, Dechert, Price, Myers & Clark, Philadelphia, Pa., Dalzell, McFall, Pringle & Bredin, Pittsburgh, Pa., of counsel, for appellant.

328

Jason Richardson, Pittsburgh, Pa., Frank R. Bolte, Pittsburgh, Pa., for appellees.

Before McLAUGHLIN, KALODNER and STALEY, Circuit Judges.

PER CURIAM.

The complaint in this cause was filed after the 1947 reenactment and codification of the Arbitration Act. 9 U.S.C. § 1 et seq. Under the original Act of 1925, 43 Stat. 883, we held in Donahue v. Susquehanna Collieries Co., 3 Cir., 138 F.2d 3, 149 A.L.R. 271, and Watkins v. Hudson Coal Co., 3 Cir., 151 F.2d 311, that the language used in Section 1 "* * * but nothing herein contained shall apply to contracts of employment of * * * any * * * class of workers engaged in * * * interstate commerce" was merely an exclusion in the definition of "commerce" in that Section, and did not constitute an over-all limitation applicable to the entire Act. When the Arbitration Act was reenacted and codified in 1947 a heading was inserted before each section of the Act to indicate the substance of the particular section. The heading before Section 1 reads: "'Maritime transactions' and 'commerce' defined; *exceptions to operation of title*". (Emphasis supplied.) In the 1947 reenactment Section 1 remains as in the original Act and above quoted. 9 U.S.C. § 1 (1946 Ed., Supp. I).

In Amalgamated Association of Street, Electric Railway and Motor Coach Employees of America, Local Division 1210 v. Pennsylvania Greyhound Lines, Inc., 3 Cir., 192 F.2d 310, 311, opinion filed November 6, 1951, which was after the filing of the District Court opinion in the present case, we held that in the reenactment of the Arbitration Act, including the headnote "exceptions to operation of title", Congress had plainly indicated that the statutory phrase "nothing herein contained" means nothing contained in Title 9. In that decision we also held that the term "contracts of employment" in Section 1 of the Act includes collective bargaining agreements.

Under that opinion the Arbitration Act gives the District Court no authority to compel arbitration of a dispute arising out of a "contract of employment" of a class of workers engaged in interstate commerce with such a contract of employment construed in the same opinion to include a collective bargaining agreement. Since the matter before us involves a similar contract and a similar class of workers the order of the District Court staying the proceedings D.C., 98 F.Supp. 789, will be reversed and the case remanded that it may proceed in due course.