OPINION OF THE COURT
Gabrielli, J.
In this proceeding, petitioner seeks to vacate "the interlocutory award of the arbitral tribunal” on the ground that the arbitrators exceeded their authority in determining the applicable procedural rules to be used during the course of the arbitration. We decline to do so and hold that the courts have no authority to review an interlocutory ruling made by the arbitrators.
On July 16, 1968 the appellant entered into a contract with respondents involving rights to exploration and production of vast petroleum reserves in Sumatra, Republic of Indonesia. The contract contained a broad arbitration clause providing that "[a]ny dispute arising out of or relating to this Agreement shall be settled by arbitration in accordance with the Rules of the International Chamber of Commerce” (hereinafter rules). A dispute arose over the payment of certain royalties due under the agreement and the respondents then caused the International Chamber of Commerce to serve a *280 request for arbitration on appellants. At the time the agreement was executed and indeed at the time of the institution of this arbitration proceeding, the rules promulgated June 1, 1955 were in effect. Article 13 of the 1955 rules provided that "[w]hen the parties agree to submit their case to arbitration by the International Chamber of Commerce, they shall be deemed to submit to arbitration in a accordance with the present Rules.” Under the 1955 rules the arbitrators were directed to apply the procedural law of "the country” where the arbitration was to be held.
On June 1, 1975 new rules became effective, providing, inter alia, that "[w]here the parties have agreed to submit to arbitration by the International Chamber of Commerce, they shall be deemed thereby to have submitted ipso facto to the present Rules.” The 1975 rules differ from the old rules by providing that in the absence of an agreement to the contrary and where the rules are otherwise silent, the procedural law to be applied is to be determined by the arbitrators which, of course, would not necessarily be the procedural law of the country where the arbitration was to be held.
The arbitrators were asked to determine which set of rules would govern the proceeding. The question arose in the context of a request for discovery. As noted, if the 1955 rules were applicable then the arbitrators would determine procedural rules on the basis of the law of the country where the arbitration was to be held. Under these rules the arbitrators would have to look to the law of New York (or Federal law) to determine whether they had the power to order discovery. However, if the 1975 rules were applicable then the arbitrators would have the authority under the agreement to determine whatever procedural rules they deemed appropriate and to order discovery aside and apart from the State or Federal policy regarding this subject.
The majority of the arbitrators decided that the arbitration clause reference to the Rules of the International Chamber of Commerce must be construed as a reference "to those Rules as they are from time to time”, and concluded that the 1975 rules were applicable. Consequently discovery was ordered. The dissenting arbitrator found that the parties intended the 1955 rules to apply. After the International Chamber of Commerce Court of Arbitration refused to interfere, the arbitrators formalized their decision in an interlocutory award declaring the applicability of the 1975 rules.
*281 Appellant moved to vacate the interlocutory award pursuant to CPLR 7511 (subd [b], par 1, cl [iii]) which provides that an "award shall be vacated” when "an arbitrator * * * [has] exceeded his power or so imperfectly executed it that a final and definite award upon the subject matter submitted was not made” (emphasis added). No one contests the fact that there was a valid arbitration agreement and that the royalty dispute was covered by the agreement. The only contention made by appellant is that the arbitrators, in declaring the applicability of the 1975 rules, exceeded their authority.
There is no authority for this court or any court to intervene at this state of the progression of the arbitration proceeding. Early in the conduct of the arbitration proceeding, but well after the expiration of the time when there might have been judicial examination of one of the so-called threshold questions under CPLR 7503 (subd [b]), the arbitrators made what in judicial proceedings might be described as an interlocutory order; they decided under which of two alternative sets of arbitration rules the particular arbitration proceeding should thereafter be conducted. It is this intermediate procedural determination which petitioner asks the courts to overturn.
 The only authority for judicial review of arbitration awards is found in CPLR 7510 and 7511 (Matter of Granite Worsted Mills [Aaronson Cowen, Ltd.] 25 NY2d 451, 454), and petitioners rely only on CPLR 7511 in this instance. But before the court may intervene or even entertain a suit seeking court intervention, there must be an "award” within the meaning of the statute. The "awards” of arbitrators which are subject to judicial examination under the statute—and then only to a very limited extent—are the final determinations made at the conclusion of the arbitration proceedings. Generally, the award is the arbitrators’ decision and final determination upon the matters submitted (23 Carmody-Wait, NY Prac, § 141:120) and must be coextensive with the submission (see Jones v Welwood, 71 NY 208, 212). The award here sought to be reviewed is "interlocutory”, involving only a very limited procedural question. It in no way constitutes a final determination on the matters submitted and therefore there is no authority for judicial intervention and the case should be remitted to Supreme Court with directions to dismiss the petition.
There can be no doubt that the State favors and encour *282 ages arbitration "as a means of conserving the time and resources of the courts and the contracting parties” (Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co. of Amer., 37 NY2d 91, 95; Matter of Weinrott [Carp], 32 NY2d 190); and for the court to entertain review of intermediary arbitration decisions involving procedure or any other interlocutory matter, would disjoint and unduly delay the proceedings, thereby thwarting the very purpose of conservation. Not only the limitations of the statute, but policy considerations as well, dictate that the courts refrain from entertaining such interlocutory determinations made by arbitrators.
Accordingly, the order of the Appellant Division should be reversed and the matter remitted to Supreme Court with directions to dismiss the petition, without costs.
Chief Judge Breitel and Judges Jasen, Jones, Wachtler, Fuchsberg and Cooke concur.
Order reversed, without costs, and the matter remitted to Supreme Court, New York County, with directions to dismiss the petition. Question certified answered in the negative.