YEARGIN CONSTRUCTION COMPANY, INC., Plaintiff-Appellee,

v.

PARSONS & WHITTEMORE ALABAMA MACHINERY & SERVICES CORP. and Parsons & Whittemore, Inc., Defendants-Appellants.

No. 78–3348.

United States Court of Appeals, Fifth Circuit.

Jan. 14, 1980.

---

James E. Clark, Birmingham, Ala., for defendants-appellants.

M. R. Nachman, Jr., Joel E. Dillard, Montgomery, Ala., Haynsworth, Perry, Bryant, Marion & Johnstone, Joseph J. Blake, Jr., Greenville, S. C., for plaintiff-appellee.

Before COLEMAN, Chief Judge, RONEY and FAY, Circuit Judges.

PER CURIAM:

Parsons & Whittemore Alabama Machinery & Services Corp. (Parsons) contracted for construction by Yeargin Construction Co. (Yeargin) of a pulp mill in Claiborne, Alabama. Work was begun in 1977 and continued until October 6, 1978, when Parsons terminated Yeargin's services and ordered it off the job because of a dispute as to the timeliness and quality of construction. Yeargin sued Parsons in the district court on October 9, 1978, alleging breach of contract, false and fraudulent inducement to enter into the contract, and conversion of tools, equipment and records. Parsons contended the issues should be arbitrated.

The day after the complaint was filed the court ordered that Parsons show cause why an order requiring the release of Yeargin's property should not issue. After a hearing on October 20, the court entered its order of October 24 (1) denying Parsons' motion to dismiss for improper venue; (2) denying Parsons' motion for a stay of court proceedings pending resolution of issues through arbitration; and (3) ordering Parsons to release to Yeargin the records held by Parsons at the construction site. The parties had settled the issue of possession of tools and equipment.

Parsons promptly filed notice of appeal from the October 24 order. Although Parsons attempts to argue issues raised by a subsequent order of the district court, only the October 24 order is subject to review on this appeal. A stay of that order was granted by a single judge of this Court on October 27, but stay pending appeal was denied by a panel of the Court on November 15, 1978.

Although Parsons argues to the contrary, very little remains in this appeal. First, the denial of the motion to dismiss for improper venue is not contested by Parsons on appeal.

■ Second, the appeal from the district court's denial of a stay pending arbitration is now moot. *See International Society for Krishna Consciousness of Atlanta v. Eaves,* 601 F.2d 809, 815–16 (5th Cir. 1979). On February 6, 1979, the district court granted a stay pending arbitration, retaining supervision over discovery proceedings until arbitration had begun. That order was not appealed. Furthermore, after appointment the arbitration panel assumed control over discovery, and an arbitration award was entered after oral argument of this appeal. Parsons' contention that the district court should relinquish control of the case for arbitration is thus no longer at issue. *See Kremens v. Bartley,* 431 U.S. 119, 128–29, 97 S.Ct. 1709, 52 L.Ed.2d 184 (1977). The problem of dual discovery in the district court and the arbitration proceeding, addressed by *Mississippi Power Co. v. Peabody Coal Co.,* 69 F.R.D. 558 (S.D.Miss.1976), and strenuously argued by Parsons, is of no concern here. That issue is not raised by the appeal of the October 24 order. Moreover, this procedural situation does not present the issue because discovery in the two proceedings was not simultaneous. *See Heat and Frost Insulators, Local 666 v. Leona Lee Corp.,* 434 F.2d 192 (5th Cir. 1970).

Third, notwithstanding Yeargin's arguments to the contrary, the portion of the October 24 order requiring the turnover of records is probably appealable under 28 U.S.C.A. § 1292(a)(1), which grants this Court jurisdiction of appeals from "[i]nterlocutory orders . . . granting . . injunctions. . . ." *See Laje v. R. E. Thomason General Hospital,* 564 F.2d 1159 (5th Cir. 1977), *cert. denied,* 437 U.S. 905, 98 S.Ct. 3091, 57 L.Ed.2d 1134 (1978); *McCoy v. Louisiana State Board of Education,* 345 F.2d 720 (5th Cir. 1965). The court ordered

> that Defendants turn over to the Plaintiff all records, plans and other documents held by them. . . .

The purpose of the order was to restore the status quo pending determination of the parties' rights. *See Morgan v. Fletcher,* 518 F.2d 236, 239 (5th Cir. 1975); *American Radio Association v. Mobile Steamship As-*

*sociation,* 483 F.2d 1, 4 (5th Cir. 1973). The district court, in effect, ordered the return of the disputed records to the party which had possession of them at the outset of the controversy. *Cf. Washington Capitols Basketball Club, Inc. v. Barry,* 419 F.2d 472, 476 (9th Cir. 1969) (status quo is last uncontested status of parties).

■ On the record before it, the court's exercise of equitable power to preserve the status quo pending determination of the merits was well within the broad discretion given to district courts in these matters. The plaintiff was in possession of the records, plans and documents before they were forced to leave the jobsite without them. There was a reasonable showing that ultimately a decision would be made that such materials had become plaintiff's property. The records would be important evidence in the controversy ahead, and the court could well determine they should be protected from defendants.

More importantly, it is clear that the district court's order was only a temporary measure to maintain the status quo pending litigation. The order has been complied with. As far as can be ascertained from the record before us, the issue of the ultimate disposition of the records has been neither presented to nor ruled on by the district court. If that issue is not now meaningless to the parties, and was not resolved in the arbitration proceeding, there appears to be no reason why it cannot be litigated in the district court. Certainly the record before this Court is insufficient to enable a decision as to the true ownership of the disputed records.

Any portion of the October 24, 1978 order here appealed that is not moot is

AFFIRMED.