### RECOGNITION EQUIPMENT, INC.

v.

### NCR CORPORATION.

No. CA3–81–1124.

United States District Court,
N. D. Texas,
Dallas Division.

Oct. 2, 1981.

---

Marshall M. Searcy, Jr., Rain, Harrell, Emery, Young & Doke, Thomas A. Loose, Dallas, Tex., for plaintiff.

John E. Phillips, W. Neil Rambin, Strasburger & Price, Dallas, Tex., for defendant.

## MEMORANDUM ORDER

ROBERT W. PORTER, District Judge.

Currently pending before the Court is the motion of Defendant NRC Corporation to stay all further proceedings in this action pursuant to section 3 of the Federal Arbitration Act, 9 U.S.C. § 3. Defendant's motion presents the Court with two distinct issues for consideration: first, whether the commercial contract entered into among the respective parties to this action provides for reference of the pertinent issues in dispute to arbitration; and second, assuming a stay is granted, whether or not the Court should allow discovery under the Federal Rules of Civil Procedure, pending arbitration. Juris-diction over this action is predicated upon 28 U.S.C. § 1332, there being complete diversity of citizenship among the parties.

■ Recognition Equipment, Inc., Plaintiff herein, brings this action to recover monies it asserts are due and owing from the Defendant as a consequence of a sale of certain mechanical goods and related parts. Plaintiff alleges that it provided the Defendant with said goods and related parts but received payment from the Defendant which was erroneously based upon the wrong price list. The action was originally brought in state court, but there being complete diversity among the parties, the Defendant petitioned for removal to federal court. The agreement in question has two provisions which the parties assert are relevant to the Court's decision as to whether to submit the dispute to arbitration. The first is found in paragraph 18 of the contract, entitled "DEFAULT AND TERMINATION." There the parties provided specific remedies with respect to any failure on the part of the Plaintiff seller to deliver goods meeting the specifications set forth in the contract. Among the remedies available to NCR are the termination of the agreement and/or the granting of a license from Recognition to NCR covering the products in question. In paragraph 18.4 the parties provided that "[i]n the event of any other default hereunder [aside from that discussed above], either party may seek relief as would be appropriate at law or in equity." Towards the end of the contract at paragraph 28.11, the parties agreed to the following arbitration clause:

"11. Arbitration. Any controversy or claim arising out of or relating to this Agreement or the breach thereof, shall be settled by arbitration in accordance with the Rules of the American Arbitration Association and judgment upon the award rendered by the Arbitrator(s) may be entered in any Court having jurisdiction thereof."

Recognition contends that paragraph 18.4 shows that, contrary to Paragraph 28.11, the parties intended to resolve this dispute in the courts. Paragraph 18.4, however,

relates to a specific type of default enumerated therein by the parties—the failure of Recognition to provide products meeting the specifications set forth in the contract for any consecutive four month period. Paragraph 18 delineates the substantive remedies available to the parties in such event. Paragraph 18.4 merely limits the contractual remedies set forth in paragraph 18 to the specific type of default discussed above. It certainly evidences no intention that all other disputes were to be resolved in the courts, especially when read in conjunction with paragraph 28.11.

The pertinent authority with respect to the determination of a motion to stay brought pursuant to section 3 of the Federal Arbitration Act is found in *Seaboard Coast Line Railroad Co. v. National Rail Passenger Corp.*, 554 F.2d 657, 660 (5th Cir. 1977):

> "We must, therefore, look to ..., the arbitration provision, ... to determine whether the referral to arbitration was proper. At the outset, we note that the policy of the Federal Arbitration Act is to encourage arbitration and to relieve the congestion in the courts. An applicant for a § 3 stay is entitled to obtain it, if he makes 'a claim [to arbitration] which on its face is one governed by the [applicable] agreement.' *Galt v. Libbey-Owens Ford Glass Co.*, 7 Cir. 1967, 376 F.2d 711, 714. And the court should grant the stay 'unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.' *United Steelworkers of America v. American Manufacturing Co.*, 363 U.S. 564, 582–83, 80 S.Ct. 1343, 1353, 4 L.Ed.2d 1403."

The agreement at bar is clearly susceptible to the interpretation that Paragraph 28.11 covers the dispute in question. The language of paragraph 18.4 in no way modifies this construction. As noted above, that paragraph merely limits the substantive remedies set forth in paragraph 18 to the specific type of default enumerated therein. Paragraph 18 does not modify the procedural remedy agreed upon by the parties. Hence, the Court is of the opinion that the dispute in question is properly referable to arbitration as set out in the agreement, and that consequently, Defendant's motion to stay pursuant to section 3 of the Federal Arbitration Act should be granted.

■ The second issue before the Court is more troublesome. Plaintiff maintains that, assuming the Court grants Defendant's motion to stay, the parties are entitled to go forward with discovery under the Federal Rules of Civil Procedure. In support of its contention Plaintiff notes that section 3 of the Federal Arbitration Act provides only for a stay of "the trial of the action," and also cites *Int'l Assoc. of Heat and Frost Insulators and Asbestos Workers v. Leona Lee Corp.*, 434 F.2d 192 (5th Cir. 1970) (*per curiam*). In *Leona Lee* the Fifth Circuit, in an action brought under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, affirmed an order of the lower court staying trial of the action and permitting discovery pursuant to the Federal Rules to the extent necessary for the presentation of the dispute to an arbitral forum. In so doing, the court stated that such a procedure was consistent with the lower court's retention of jurisdiction and that it effectuated the policy favoring arbitration. A later opinion by Circuit Judge Coleman, sitting by designation as a Judge of the United States District Court for the Southern District of Mississippi, however, undercuts the broad and sweeping language in *Leona Lee*. In *Mississippi Power Company v. Peabody Coal Co.*, 69 F.R.D. 558 (S.D.Miss.1976), Judge Coleman, in a case similar to the one at bar, concluded that discovery under the Federal Rules of Civil Procedure during a section 3 stay was improper, at least on the facts of that specific case. Judge Coleman noted numerous problems with allowing parties the opportunity to engage in discovery under the Federal Rules during a section 3 stay. First and foremost is that the Federal Arbitration Act provides for discovery by the arbitrator in section 7 of the Act, 9 U.S.C.

§ 7,[1] and thus additional discovery under the Federal Rules would create "dual discovery." Second, he noted that the majority of the courts which have faced the issue have decided against allowing discovery to proceed under the rules.[2] Third, those courts which have allowed discovery to proceed pending arbitration have noted "exceptional circumstances" in the facts before them to justify the decision.[3] Finally, Judge Coleman also noted that the purpose of arbitration is to avoid the attendant delay and expense of litigation. With respect to *Leona Lee*, Judge Coleman concluded the case was not controlling precedent:

"This sweeping declaration appears to come down emphatically in support of the proposition that in a case ordered to arbitration discovery may proceed simultaneously in the court and before the arbitrator. The District Court is, of course, obligated to follow the outstanding, unreversed precedents of the Fifth Circuit. The difficulty, here, however, is that the *Leona Lee per curiam* never mentions, and does not discuss, outstanding judicial precedent; it does not explicate the reasoning upon which the declaration was grounded. It makes no effort to demonstrate how simultaneous discovery in arbitration cases 'is consistent with the District Court's retention of jurisdiction and effectuates the policy of favoring arbitration.' It is against the overwhelming weight of authority. I feel, therefore, that the decision in *Leona Lee* must have been grounded on some factor not made clear in the opinion and is not a controlling precedent."

Subsequent to the *Mississippi Power* case, the Fifth Circuit has recognized the issue raised by Judge Coleman concerning "dual discovery" preceding arbitration. *Yeargin Construction Co. v. Parsons & Whittemore Alabama Machinery and Services Corp.*, 609 F.2d 829, 831 (5th Cir. 1980). In addition, the United States Supreme Court has cited the *Mississippi Power* case with approval for the proposition that "when the purpose of a discovery request is to gather information for use in proceedings other than the pending suit, discovery is properly denied." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 n.17, 98 S.Ct. 2380, 2390 n.17, 57 L.Ed.2d 253 (1978) (*dictum*).

The Court is persuaded that Judge Coleman's opinion in *Mississippi Power* accurately reflects the law with respect to discovery under the Federal Rules pending arbitration under the Federal Arbitration Act. Perhaps the greatest distinction between the *Mississippi Power* case, and *Leo-*

---

1. 9 U.S.C. § 7:

The arbitrators selected either as prescribed in this title or otherwise or a majority of them, may summon in writing any person to attend before them or any of them as a witness *and in a proper case to bring with him* or them any book, record, document, or paper which may be deemed material as evidence in the case. The fees for such attendance shall be the same as the fees of witnesses before masters of the United States courts. Said summons shall issue in the name of the arbitrator or arbitrators, or a majority of them, and shall be directed to the said person and shall be served in the same manner as subpoenas to appear and testify before the court; if any person or persons so summoned to testify shall refuse or neglect to obey said summons, upon petition the United States district court for the district in which such arbitrators, or a majority of them, are sitting may compel the attendance of such person or persons before said arbitrator or arbitrators, or punish said person or persons for contempt in the same manner provided by law for securing the attendance of witnesses or their punishment for neglect or refusal to attend in the courts of the United States.

2. *H. K. Porter Co. v. Local 37, United Steelworkers of America*, 400 F.2d 691 (4th Cir. 1968); *Econo-Car Int'l, Inc. v. Antilles Car Rentals, Inc.*, 61 F.R.D. 8, 10 (D.Vt.1973), *rev'd on other grounds*, 499 F.2d 1391 (3rd Cir. 1974); *Local Lodge 1746, I.A.M. & A.W. v. Pratt & Whitney Div. of United Aircraft Corp.*, 329 F.Supp. 283, 286–87 (D.Conn.1971); *Int'l Union of Electrical Radio & Machine Workers v. Westinghouse Electric Corp.*, 48 F.R.D. 298, 299 (S.D.N.Y.1969); *Commercial Solvents Corp. v. Louisiana Liquid Fertilizer Co.*, 20 F.R.D. 359, 361 (S.D.N.Y.1957); *Pennsylvania Greyhound Lines v. Amalgamated Ass'n*, 98 F.Supp. 789, 791–92 (W.D.Pa.1951), *rev'd on other grounds* 193 F.2d 327 (3rd Cir. 1952).

3. *Ferro Union Corp. v. SS Ionic Coast*, 43 F.R.D. 11 (S.D.Tex.1967); *Penn Tanker Co. v. C.H.Z. Rolimpez, Warzawa*, 199 F.Supp. 716, 718 (S.D.N.Y.1961).

na Lee, is that the latter case was brought under section 301 of the LMRA, 29 U.S.C. § 185. There is nothing in the opinion to indicate that the arbitral forum which would hear the claim in *Leona Lee* had any discovery powers. Thus, "dual discovery" may not have been an issue there and this aspect of the case could be the "factor not made clear" of which Judge Coleman spoke. Therefore, the Court is of the opinion that *Leona Lee* is not binding precedent for the instant case. In addition, for the reasons set forth so persuasively in *Mississippi Power*, the Court is of the opinion that, on the facts of this case, discovery under the Federal Rules should not proceed pending arbitration. Time and again courts have concluded that the purposes of arbitration under the Federal Arbitration Act are to facilitate and expedite the resolution of disputes, ease court congestion, and provide disputants with a less costly alternative to litigation. *E.g. Portland Const. Co. v. Weiss Pollution Control Corp.*, 532 F.2d 1009 (5th Cir. 1976); *Trade Arbed, Inc. v. S/S Ellispontos*, 482 F.Supp. 991 (S.D.Tex. 1980). It can hardly be said that discovery under the Federal Rules of Civil Procedure pending arbitration in this case would further those goals. *Cf.* Order of the Supreme Court, Amendments to the Federal Rules of Civil Procedure, 85 F.R.D. 521, 522 (Powell, J., *dissenting*); Rosenberg, *Discovery Abuse*, 7 ABA Journal of the Section of Litigation No. 3 (Spring 1981); Lundquist, *In Search of Discovery Reform*, 66 ABA J. 1071 (September 1980); Ebersole, *Discovery Problems: Is Help on the Way?*, 66 ABA J. 50 (January 1980); Umin, *Discovery Reform: A New Era or Business as Usual?* 65 ABA J. 1050 (July 1979).

The Court in *Mississippi Power* did not hold that discovery pending arbitration is never to be permitted and acknowledged other decisions in which it was held that such discovery may be granted under "exceptional circumstances." 69 F.R.D. at

566–67, citing *Ferro Union Corp. v. SS Ionic Coast*, 43 F.R.D. 11 (S.D.Tex.1967). In the immediate action Plaintiff has failed to demonstrate any "exceptional circumstances" which would justify pre-arbitration discovery. Some courts have stated that the granting of discovery during a stay lies within the Court's discretion. *Bigge Crane and Rigging Co. v. Docutel Corp.*, 371 F.Supp. 240 (E.D.N.Y.1973). The Court is of the opinion that the better exercise of discretion in the instant case is to deny Plaintiff's request for pre-arbitration discovery.[4] Accordingly,

It is ORDERED that Defendant's motion for a stay or proceedings in this action pending arbitration of the dispute raised by the original complaint is GRANTED: the parties are directed to submit the matter to arbitration in a manner consistent with paragraph 28.11 of the contract in issue and the Court retains jurisdiction over the matter to enforce sections 4 and 7 of the Federal Arbitration Act;

It is further ORDERED that the Plaintiff's request for discovery pursuant to the Federal Rules of Civil Procedure pending arbitration is DENIED.

---

4. A further reason for denying discovery pending arbitration lies in the potential for interference with the arbitral function. By retaining jurisdiction over this action and allowing pre-arbitration discovery the Court would be duty bound to administer the discovery process. In so doing, there is a likelihood that its administration of the discovery issues could preshape the issues before the arbitrator.