*EEOC,* 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978).

### JUDGMENT

In accordance with the memorandum filed this day and incorporated herein,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant shall have judgment against plaintiff on plaintiff's complaint.

IT IS FURTHER ORDERED that plaintiff's complaint be and is DISMISSED with prejudice.

IT IS FURTHER ORDERED that defendant's request for attorney's fees be and is DENIED.

IT IS FURTHER ORDERED that costs be taxed against plaintiff.

Ms. Tina Lewis **THOMPSON, Joseph Chryar, Jr., D.B.A. Soprano Music Company and Mr. James David Nechelson, Plaintiffs,**

v.

Theodora **ZAVIN, John J. Timmel, Marvin L. Berenson, Neville Miller, Walter J. Damn, John Elmer Incorporated as Broadcast Music, Inc., Defendants.**

No. CV 82–5895–ER (TX).

United States District Court, C.D. California.

June 21, 1984.

Tina Lewis Thompson, Joseph Chryar, Jr., James D. Nechelson, Lennox, Cal., in pro. per.

Peter Smoot, Rintala, Smoot & Joenicke, Los Angeles, Cal., for defendants.

## ORDER DENYING PLAINTIFFS' MOTION TO COMPEL ARBITRATORS TO ISSUE SUBPOENAS OR, IN THE ALTERNATIVE, TO ISSUE SUBPOENAS

RAFEEDIE, District Judge.

This motion presents this Court a question of first impression: To what extent can and should a federal district court interfere with an arbitrator's decisions after the Court has stayed an action pending arbitration pursuant to 9 U.S.C. § 3 (1982) of the Federal Arbitration Act but before a

final award is made. After consideration of the submitted papers and further research, this Court dispensed with oral argument. *See* Local Rule of Civil Procedure 7.11. By this motion, plaintiff Joseph Chryar[1] seeks to compel the arbitrator to issue subpoenas, or in the alternative, to have this Court issue subpoenas compelling defendants Zavin, Timmel and Berenson to attend arbitration hearings and to produce certain records for inspection. This motion, in effect, is an interlocutory appeal from a procedural ruling of the arbitrators. This Court denies it for the following reasons:

## BACKGROUND

The underlying complaint for nonpayment of royalties, per se violation of antitrust laws, and restraint of trade was filed on May 15, 1982. On January 31, 1983, after a motion by defendant Broadcasting Music, this Court dismissed the complaint with leave to amend[2] and stayed the case while the parties sought arbitration. There has not yet been an arbitration hearing. The arbitration is taking place in New York, and all parties agree New York law governs.[3]

The arbitration procedures to date have focused on whether the parties will engage in pre-hearing discovery. The arbitrators ultimately decided that they will not. Plaintiff requested the arbitrators to issue subpoenas compelling individual defendants to attend the arbitration hearing so that he could examine them and also compelling defendants to bring certain documents. Defendants objected to the is-

---

1. Plaintiff states in his papers that he is also making this motion on behalf of the other two plaintiffs, who are also pro per. Under the local rules, an individual representing her or himself without an attorney must appear personally for such purpose and cannot delegate that representation to any other person. *See* Local Rule 2.9.2. Therefore, this motion will be considered as being brought only by plaintiff Chryar.

2. The Court gave plaintiffs leave to file an amended complaint within twenty days of the arbitrators' reaching a decision.

3. Paragraph Fourteen of the agreement between the parties states:

"In the event of any dispute of any kind, nature or description whatsoever arising between BMI and Publisher in connection with the terms and conditions of this agreement, or arising out of the performance hereof, or based upon an alleged breach hereof, the same shall be submitted to arbitration in New York City by a board consisting of three arbitrators under the then prevailing rules of the American Arbitration Association pursuant to the New York arbitration law."

suance of such subpoenas. The arbitrators resolved the issue by requiring that the individuals be available by telephone during the hearing so that they could be contacted if they were needed and by requiring the corporate defendant to bring all relevant documents to the hearing.

Plaintiff now moves this Court to compel the arbitrators to issue the requested subpoenas, or in the alternative, to issue its own subpoenas. The Court does not reach this issue on the merits for it is without authority to grant the requested ruling.

■ The Federal Arbitration Act, which requires federal district courts to stay actions covered by arbitration agreements, limits the Court's authority over the case, once stayed, to the enforcement of subpoenas issued by the arbitrators. Even then, the petition to enforce the subpoena must be brought in the district in which such arbitrators are sitting. *See* 9 U.S.C. § 7 (1982). Further, New York law, which the parties agree is controlling, explicitly forbids interlocutory appeals from arbitration.

## ANALYSIS

### 1. *Federal Law*

■ This action was stayed pursuant to 9 U.S.C. § 3 of the Federal Arbitration Act. Nothing in this Act authorizes further action by a federal court once the court stays a matter, except that the court can enforce a subpoena issued by the arbitrators or confirm, vacate or modify the arbitrators' award once it is made.

Plaintiff does not cite any case support for his proposition that this Court can issue

subpoenas in a matter stayed for the purpose of arbitration. The cases he cites concern only the district court's authority to enforce subpoenas issued by the arbitrators pursuant to 9 U.S.C. § 7 (1982).[4] *See, e.g., Western Employers Ins. Co. v. Merit Ins. Co.,* 492 F.Supp. 53, 54 (N.D.Ill.1979) ("Pursuant to U.S.C. §§ 3, 4, and 7, whenever a federal court properly orders or directs that arbitration be commenced, it out of necessity retains authority to *enforce* related arbitration procedures such as subpoenas duces tecum.") (emphasis added). In no case did the district court issue a subpoena that the arbitrators refused to issue.

No case expressly states that this Court cannot or should not either issue the subpoena or order the arbitrators to do so. *Cf. Recognition Equipment, Inc. v. NCR Corp.,* 532 F.Supp. 271, 273–74 (N.D.Tex. 1981) (Arbitration Act's provision for arbitrators conducting discovery impliedly excludes federal court). Support for that proposition, however, can be inferred from other cases dealing with whether discovery, as known in the federal system, exists for matters sent to arbitration, *see, e.g., Recognition Equipment,* 532 F.Supp. 271, or whether the federal court can decide the "procedural" questions of a matter that has gone to arbitration while the arbitrators decided the substantive issues, *see John Wiley & Sons, Inc. v. Livingston,* 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964). These courts have been animated by considerations of minimizing the time, expense, and formality of arbitration; preventing duplicative efforts by the federal courts and the arbitrators; and avoiding

---

4. 9 U.S.C. § 7 reads:

§ 7. Witnesses before arbitrators; fees; compelling attendance. The arbitrators selected either as prescribed in this title or otherwise, or a majority of them, may summon in writing any person to attend before them or any of them as a witness and in a proper case to bring with him or them any book, record, document or paper which may be deemed material as evidence in the case.... Said summons shall issue in the name of the arbitrator or arbitrators, or a majority of them, and shall be signed by the arbitrators, or a majority of them, and shall be directed to the

said person and shall be served in the same manner as subpoenas to appear and testify before the court; if any person or persons so summoned to testify shall refuse or neglect to obey said summons, *upon petition the United States district court for the district in which such arbitrators, or a majority of them, are sitting may compel the attendance of such person or persons before said arbitrator or arbitrators, or punish said person or persons for contempt* in the same manner provided by law for securing the attendance of witnesses or their punishment for neglect or refusal to attend in the courts of the United States.

interference with the arbitrators until a final award has been made.

For example, the Supreme Court, in *John Wiley & Sons, Inc. v. Livingston,* 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964), stated that

> Once it is determined, as we have, that the parties are obligated to submit the subject matter of a dispute to arbitration 'procedural' questions which grow out of the dispute and bear on its final disposition should be left to the arbitrator.... Reservation of 'procedural' issues for the courts would thus not only create the difficult task of separating related issues, but would also produce frequent duplication of effort.
>
> In addition, the opportunities for deliberate delay and the possibility of well intentioned but no less serious delay ... are clear.

*Id.* at 557–58, 84 S.Ct. at 918–19. Cases dealing with discovery in arbitration matters echo these concerns. *See Wilkes-Barre Publishing v. Newspaper Guild of Wilkes-Barre,* 559 F.Supp. 875, 880–81 (M.D.Pa.1982); *Recognition Equipment,* 532 F.Supp. at 273–74, 275 (noting at 275 n. 4 that "[b]y retaining jurisdiction over this action and allowing prearbitration discovery the Court would be duty bound to administer the discovery process. In so doing, there is a likelihood that its administration of the discovery issues could preshape the issues before the arbitrator.").

The concerns motivating the above cited decisions are equally relevant to the determination of this motion. If the Court were to become involved, such involvement would duplicate the effort of the arbitrators, since they have already considered who should be subpoenaed. It would also increase the time and expense involved, since the parties have been forced to participate in this extra motion and the door would be open for additional motions in the course of the arbitration proceedings. Finally, it would interfere with a matter en-trusted by federal law to the arbitrators, without any congressional expression reserving to the courts the power to issue, rather than merely enforce, subpoenas.[5]

### 2. *New York Law*

As explained above, this arbitration is controlled by New York law, pursuant to contract by the parties. New York law, as explicated by its Court of Appeals, parallels the federal law and is motivated by similar considerations. *Mobil Oil Indonesia v. Asamera Oil (Indonesia),* 43 N.Y.2d 276, 401 N.Y.S.2d 186, 372 N.E.2d 21 (1977), in a well reasoned decision, dealt directly with the permissibility of interlocutory appeals of an arbitration decision and refused such appeals:

> In this proceeding, petitioner seeks to vacate "the interlocutory award of the arbitral tribunal" on the ground that the arbitrators exceeded their authority in determining the applicable procedural rules to be used during the course of the arbitration. We decline to do so and hold that the courts have no authority to review an interlocutory ruling made by the arbitrators....
>
> The only authority for judicial review of arbitration awards is found in CPLR 7510 and 7511 ... and petitioners rely only on CPLR 7511 in this instance. But before the court may intervene or even entertain a suit seeking the court intervention, there must be an "award" within the meaning of the statute. The "awards" of arbitrators which are subject to judicial examination under the statute, and then only to a very limited extent, are the final determinations made at the conclusion of the arbitration proceedings ... The award here sought to be reviewed is "interlocutory", involving only a very limited procedural question....
>
> There can be no doubt that the State favors and encourages arbitration "as a means of conserving the time and re-

---

5. Additionally, even if the federal court would have the power to issue a subpoena in a matter stayed for arbitration, this power, by analogy to 9 U.S.C. § 7 would be restricted to the district in which the arbitrators sit. Here, that would be the Southern District of New York.

sources of the courts and the contracting parties" (citations) and for the court to entertain review of intermediary arbitration decisions involving procedure or any other interlocutory matter, would disjoint and unduly delay the proceedings, thereby thwarting the very purpose of conservation. Not only the limitations of the statute, but policy considerations as well, dictate that the courts refrain from entertaining such interlocutory determinations made by arbitrators.

*Id.* at 279–81, 401 N.Y.S.2d at 187, 188, 372 N.E.2d at 22, 23.

### CONCLUSION

For the reasons cited above, this Court denies plaintiff's motion.