NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3802
_____

WILLIAM E. ROBINSON, SR.; WILLIAM E. ROBINSON, JR.; TARA ROBINSON,

Appellants

v.

DERWOOD LEE LITTLEFIELD, Individually and d/b/a Boat-N-RV Superstore;
BOAT-N-RV SUPERSTORE
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-14-cv-00195)
District Judge: Hon. Richard P. Conaboy
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 17, 2015

Before: FISHER, CHAGARES, and JORDAN, <u>Circuit Judges</u>

(Filed: September 21, 2015)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

JORDAN, Circuit Judge

"Arbitration can be an effective way to resolve a dispute in less time, at less expense, and with less rancor than litigating in the courts. Arbitration loses some of its luster, though, when one party refuses to abide by the outcome and the courts are called in after all for enforcement. This is one of those situations." *Publicis Commc'n v. True N. Commc'ns Inc.*, 206 F.3d 725, 727 (7th Cir. 2000). Appellants William E. Robinson, Sr., William E. Robinson, Jr., and Tara Robinson (collectively, the "Robinsons") ask us to reverse an order of the United States District Court for the Middle District of Pennsylvania striking a judgment entered against Derwood Littlefield, doing business as Boat-N-RV Superstore, and the Superstore itself[1] (collectively, "Superstore") based on an arbitration award in the Robinsons' favor. Because the District Court erred in concluding that the arbitration award was not final at the time it was entered and further erred in reaching a question that was not legitimately in controversy, we will reverse in part and vacate in part.

## I.     BACKGROUND

The Robinsons purchased a recreational vehicle ("RV") from Superstore in May of 2008. A dispute arose as to the quality of the RV, prompting the Robinsons to file a complaint in the Schuylkill County Court of Common Pleas. The case was then transferred to the Berks County Court of Common Pleas after Superstore filed preliminary objections challenging venue. After the case was transferred, Superstore

---

[1] Boat N-RV Superstore is the fictitious name for Tilden Recreational Vehicles, Inc., a New York corporation.

filed a second set of preliminary objections, arguing that the contract of sale for the RV contained an arbitration agreement. The case was subsequently assigned for arbitration and the parties agreed to a non-reasoned arbitration award, meaning that the arbitrator was not required to – and thus did not – set forth the rationale underlying his decision. On December 9, 2013, the arbitrator ruled for the Robinsons and required Superstore to pay them $79,370.45 in compensatory damages, along with fees and expenses in the amount of $4,501.86. That decision concluded: "This Award is in full settlement of all claims submitted to this Arbitration. All claims not expressly granted herein are hereby denied." (App. Vol. II. at 26.)

On January 10, 2014, about thirty-two days after the arbitrator entered his award, Superstore made an untimely motion under Rule 50 of the American Arbitration Association Commercial Rules of Arbitration to modify and/or correct the award. [2] Specifically, even though a Rule 50 motion may not seek to have the arbitrator "redetermine the merits of any claim already decided," Am. Arbitration Ass'n Commercial R. 50, and even though the arbitration award was non-reasoned, Superstore's motion "raised basic issues regarding which claims were granted and the formulation and basis for the award." (App. at 2 (internal quotation marks omitted).) The Robinsons argued that the motion was untimely and that Superstore had agreed to a non-reasoned award. The arbitrator had twenty days to respond to the Rule 50 modification request but

---

[2] Rule 50 motions are limited to correcting "any clerical, typographical, or computational errors in the award" and must be filed within twenty calendar days after the transmittal of an award. Am. Arbitration Ass'n Commercial R. 50.

3

never did so. On January 22, 2014, the Robinsons obtained an entry of judgment in the Schuylkill County Court of Common Pleas.

On February 6, 2014, Superstore removed the judgment to federal district court and filed a motion to strike it under Rule 60(b), arguing that the judgment had not become final at the time the Robinsons entered it. Superstore also moved to dismiss under Rule 12(b)(1), arguing that the District Court lacked subject matter jurisdiction.[3] The District Court issued an order instructing Superstore to obtain in writing a statement from the arbitrator as to whether the case remained active. On June 16, 2014, the arbitrator responded by providing a one-paragraph "Disposition For Application of Modification of Award," that reads as follows:

> I, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration agreement entered into between the above-named parties and dated December 22, 2010, and having been duly sworn, and having duly heard the proofs and allegations of the Parties, and *having previously rendered an Award* dated December 9, 2013, and Respondent having filed an application for modification dated January 10, 2014, and Claimant having responded by letter dated January 16, 2014, and Respondent having responded by letter dated January 16, 2014, and Claimant having responded by letter dated January 22, 2014, do hereby, DECIDE, as follows: I see no rule that would justify my *amending* the arbitration award. In all other respects my Award dated December 9, 2013, is reaffirmed and *remains in full force and effect*.

---

[3] After removing the case to federal court and vigorously opposing the Robinsons' motion to remand the case to state court, Superstore made the remarkable decision to file a motion to dismiss the action for lack of subject matter jurisdiction, arguing that, because the arbitration award was not final, the District Court lacked jurisdiction over the case. The District Court's decision makes no mention – even tangentially – of Rule 12(b)(1) or subject matter jurisdiction, and Superstore's 12(b)(1) motion is without merit in light of our conclusion as to the finality of the December 9, 2013 arbitration award.

4

(App. Vol. II at 41 (emphasis added) (capitalization in original).) The District Court, relying on that language, concluded that the initial arbitration award was not final until the arbitrator issued his June 16, 2014 disposition of the application for modification, reasoning that the arbitrator did not reject the motion as untimely and, thus, that the December 9, 2013 decision could not have been "final." The Court also relied upon the fact that the arbitrator was empowered under the rules to extend the time to seek modification of an award under Rule 50. Finally, the Court took note of the fact that the American Arbitration Association had sent a confirmation email upon receipt of the untimely motion to modify the award, indicating that it had been forwarded to the arbitrator for consideration. The District Court thus struck the January 22, 2014 entry of judgment and the Robinsons timely appealed.

## II.    DISCUSSION[4]

It is axiomatic that an arbitration award becomes final if it is intended by the arbitrator to be a "complete determination of all claims submitted" to it. *Michaels v. Mariforum Shipping, S.A.*, 624 F.2d 411, 413 (2d Cir. 1980) (citing *Mobil Oil Indonesia Inc. v. Asamera Oil (Indonesia) Ltd.*, 372 N.E.2d 21 (N.Y. 1977)). In order for a claim to be completely determined, the arbitrator must have decided not only the issue of liability of a party on the claim, but also the issue of damages. *Id.* at 413-14. Here, the arbitrator's December 9, 2013 decision, which was titled "Award of Arbitrator," fully resolved everything that was at issue in the arbitration, unambiguously stating, "This Award is in full settlement of all claims submitted to this Arbitration. All claims not expressly granted herein are denied." (App. Vol. II. at 26.) That language – and the fact that the decision completely determined both the question of liability and damages – conclusively shows that the December 9, 2013 arbitration award was final. *Rocket*

---

[4] The District Court had jurisdiction under 28 U.S.C. §§ 1332 and 1441 and we have jurisdiction pursuant to 28 U.S.C. § 1291. Superstore does not now, nor did it below, specify the subsection of Rule 60(b) under which it was seeking relief. Unfortunately, the District Court also did not specify under which provision of Rule 60(b) it was granting relief. Because the basis for Superstore's motion was that the Schuylkill County Court of Common Pleas lacked jurisdiction to enter judgment at all, we construe the motion to be one for relief under Rule 60(b)(4) (providing for relief if the judgment was void) and, thus, our review is plenary. *Budget Blinds, Inc. v. White*, 536 F.3d 244, 251 & n.5 (3d Cir. 2008). While it is true that a district court also may grant relief under Rule 60(b)(6) from a judgment that was entered by a rendering court lacking jurisdiction, it may only do so where the movant can show that there are "extraordinary circumstances" entitling him to relief. *Id.* at 251-52 (any challenge to jurisdiction brought under Rule 60(b) must be under subsection (b)(4) or (b)(6), the latter of which is to be granted sparingly and only where there are "extraordinary circumstances" (internal quotation marks omitted)). Here, neither the District Court's decision nor any of the briefing remotely suggests the existence of "extraordinary circumstances." Accordingly, Rule 60(b)(6) cannot be the provision under which relief was granted.

6

*Jewelry Box, Inc. v. Noble Gift Packaging, Inc.*, 157 F.3d 174, 177 (2d Cir. 1998) ("We hold that the principle that an arbitration award is final if it resolves all issues submitted to arbitration, and determines each issue fully so that no further litigation is necessary to finalize the obligations of the parties, does not require that the arbitration award resolve every outstanding issue that might arise in later litigation between the parties. It requires resolution only of all issues submitted to arbitration." (brackets, emphasis, citations, and internal quotation marks omitted)); *cf. Publicis Commc'n*, 206 F.3d at 729 (holding that an arbitration decision was final, even though it omitted the word "award," which is usually used to indicate finality; noting that "[t]he Federal Arbitration Act also uses 'award' in conjunction with finality, but this circuit and others have found arbitration decisions lacking the 'award' tag to be final" (citations omitted)).

The fact that Superstore did not like the award and sought to "modify and/or correct" it, (App. Vol. II at 35), does nothing to change that conclusion. The arbitrator himself was not empowered to redetermine the merits of any claims or to revisit his prior conclusions. *See* Am. Arbitration. Ass'n Commercial R. 50 (mandating that "[t]he arbitrator is not empowered to redetermine the merits of any claim already decided"); *Kalyanaram v. Am. Ass'n of Univ. Professors at N.Y. Inst. of Tech., Inc.*, 742 F.3d 42, 51 (2d Cir. 2014) ("Kalyanaram also argues that his DFR claim is timely because the arbitrator's 'Final Award' … was not actually *final*, since the arbitrator later issued supplemental awards. But these subsequent awards merely effectuated the Final Award provisions … ."); *Fradella v. Petricca*, 183 F.3d 17, 19 (1st Cir. 1999) ("Normally, an arbitral award is deemed 'final' provided it evidences the arbitrators' intention to resolve

7

all claims submitted in the demand for arbitration, even though the arbitrators purport to retain jurisdiction in the event the need arises to resolve some subsidiary matter … ."); *cf.* Fed. R. Civ. P. 60(c) (explicitly stating that a motion for relief from judgment or to correct judgment under Rule 60 "does not affect the judgment's finality").

The language in the arbitrator's denial of Superstore's motion to modify and/or correct only convinces us further of that result, as he noted that he "previously rendered an Award," that there was nothing that would justify amending it, and that the award "*remains* in full force and effect." (App. Vol. II at 41 (emphasis added).) The lack of further elaboration of reasons for rejecting the motion – which may or may not have included that it was untimely – does not transform the December 9, 2013 award into an interlocutory ruling. *Cf. Koch Oil, S.A. v. Transocean Gulf Oil Co.*, 751 F.2d 551, 554 (2d Cir. 1985) (holding that arbitrators are not required to explain their rationale for an award).[5]

The parties also seem to debate the time that Superstore has to challenge the arbitration award in state or federal court and what law governs that limitations period.

---

[5] The only reason there was any additional comment from the arbitrator appears to have been because the District Court sought it. That in itself is troubling, given the clarity of the arbitrator's award. Even more difficult to accept, however, is the District Court's next step, which was to conclude that, because the arbitrator "active[ly] consider[ed]" the Court's demand for some further reasoning, the arbitrator must not have intended his December 9, 2013 award to be final. (App. at 6 (noting that the arbitrator's statement in response to the District Court's order, "while couched in oblique language, is consistent with that of an individual giving active consideration to a question" and, thus, concluding that the arbitration award could not have been final).) That reasoning is untenable. The arbitrator's effort to satisfy the District Court did not make non-final the clearly final award.

8

But the present action is not a challenge to the merits of the arbitration decision; it is an action to strike an entered judgment, and the sole question before the District Court (and us) is whether the December 9, 2013 arbitration award was final.[6] Accordingly, the limitations period for challenging the arbitration award and the question of what law governs that limitations period were not issues in controversy within the meaning of Article III and, thus, were not questions that the District Court was empowered to answer. U.S. Const. Art. III, § 2, cl. 1; *see also, e.g.*, *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006) ("If a dispute is not a proper case or controversy, the courts have no business deciding it, or expounding the law in the course of doing so."). Insofar as the District Court ruled that "[Superstore's] appeal from the Arbitration Award … is governed by New York law," (District Court Docket Entry No. 24), it decided an issue that was not before it and we will vacate that portion of its order.

## III. CONCLUSION

For the forgoing reasons, we will vacate in part and reverse in part the ruling of the District Court.

---

[6] Insofar as confusion over the issue may have fueled the debate, let us clarify that challenging an arbitration award does nothing to affect its finality. *Cf. Miller v. United States*, 147 F.2d 372, 374 (2d Cir. 1945) ("An appeal does not affect the finality, it merely stays execution, of the judgment pending appeal. The judgment of affirmance, therefore, adds nothing to the finality of the judgment.").